CEBI METAL SANAYI VE TICARET A.S., Triple–S Steel Supply Co., M.G. Maher & Co., and Sunbelt Trading (Kansas) Inc., Appellants,

v.

Juan GARCIA, Appellee.

No. 14–02–00691–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 22, 2003.

Rehearing Overruled June 26, 2003.

David A. Fettner, Alex J. Stelly Jr., Houston, Michael Keith Eaves, Beaumont, for appellants.

Thomas N. Lightsey, III, Houston, for appellees.

Panel consists of Chief Justice BRISTER and Justices YATES and EDELMAN.

## OPINION

SCOTT BRISTER, Chief Justice.

Juan Garcia was unloading steel beams from a freighter when a loop used to lift the beams broke, injuring his foot so severely that amputation was required. He brought negligence and strict liability claims against defendant CEBI Metal Sanayi ve Ticaret A.S., a Turkish company that allegedly made both the beams and the loop used to lift them. No representative of CEBI was present when the accident occurred, and the allegedly defective loop was discarded.

Garcia moved for summary judgment on liability and prevailed, though only as to strict liability. After a trial to the bench on damages, the trial judge signed a judgment awarding him almost $2.4 million.

On appeal, CEBI attacks only the summary judgment. Garcia's motion relied on "uncontested" testimony and deemed requests for admission. But the testimony was uncontested only because CEBI could not readily controvert it, and the deemed admissions create only fact questions. Finding this case should have been submitted to a jury, we reverse.

### The Testimony

 Garcia's motion relied primarily on the deposition testimony of Greg Davis (the job supervisor) and two experts' affidavits. For several reasons, Davis's testimony is insufficient to support summary judgment. And as the affidavits rely completely on that testimony for the facts, they must fall with it.

Summary judgment may be based on the uncontroverted testimony of an interested witness, but only if that evidence "could have been readily controverted." *See* Tex.R. Civ. P. 166a(c). Here, for several reasons, it could not.

First, CEBI presented summary judgment affidavits suggesting the accident could have been caused by improper handling during unloading. That was Davis's responsibility, but as the only eyewitness presented, he was unlikely to see it that way. In such circumstances, jurors could chose to question his credibility. "If the credibility of the affiant or deponent is likely to be a dispositive factor in the resolution of the case, then summary judgment is inappropriate." *Casso v. Brand,* 776 S.W.2d 551, 558 (Tex.1989).

Moreover, in most respects Davis was not an eyewitness at all. He was on the dock when the accident took place in the freighter's hold, and so could not see what happened. All he knew about the accident was what Garcia's co-workers told him. Thus, CEBI could not readily controvert his testimony by cross-examining him at the deposition (as Garcia asserts in his brief), as one cannot cross-examine a declarant who is not present.

Finally, Davis did not keep the critical loading loop that the trial court found was defectively designed, manufactured, and marketed. At trial, CEBI might have been entitled to a rebuttable presumption in its favor as to what the loop would have shown. *See Brumfield v. Exxon Corp.,* 63 S.W.3d 912, 920 (Tex.App.-Houston [14th Dist.] 2002, pet. denied). At summary judgment, it was at least entitled to a finding that Davis's testimony could not be

readily controverted, as the critical piece of evidence had been discarded.

### The Requests for Admission

Garcia asserts that even without Davis's testimony, the summary judgment was proper based on deemed admissions. Garcia served 46 requests on CEBI's attorney, consisting of 23 couplets requesting diametrically opposed admissions. For example, CEBI was asked to admit or deny that:

5. The total medical expenses of $130,320.81 were made necessary for the treatment of Juan Garcia for the injuries made the basis of this suit and are reasonable in the amount that was charged in the community at the time that the services were rendered.

6. The total medical expenses of $130,320.81 were not made necessary for the treatment of Juan Garcia for the injuries made the basis of this suit and are not reasonable in the amount that was charged in the community at the time that the services were rendered.

\* \* \*

15. This Defendant provided no instructions to Sunbelt Trading (Kansas) Inc. regarding the use of the lifting strap/lifting eye made the basis of this suit.

16. This Defendant did provide instructions to Sunbelt Trading (Kansas) Inc. regarding the use of the lifting strap/lifting eye made the basis of this suit.

\* \* \*

19. This Defendant owned the steel rods made the basis of this suit at the time of the incident made the basis of this suit.

20. This Defendant did not own the steel rods made the basis of this suit at the time of the incident made the basis of this suit.

CEBI's attorney withdrew from the case shortly after the requests were due; when its new attorney moved to amend or withdraw them some months later, the request was denied. CEBI argues the trial court erred in refusing to grant amendment or withdrawal, and in granting summary judgment based on the admissions. Because we sustain the latter point, we do not address the former.

■ Summary judgment is appropriate only if no fact questions exist after resolving all doubts in the nonmovant's favor. See D. Houston, Inc. v. Love, 92 S.W.3d 450, 454 (Tex.2002). Normally, admissions (whether admitted or deemed) serve this purpose, as they conclusively establish the facts stated therein. See TEX.R. CIV. P. 198.3. But because each of Garcia's requests was paired with its opposite, they conclusively established every proposition and its opposite as well. When all were deemed admitted, they created fact questions rather than resolving them.

Garcia cannot avoid this conflict by relying on half of his requests. We cannot pick and choose among controverted facts in a summary judgment record, and these admissions become part of that record when they were filed. See TEX.R. CIV. P. 166a(d); Newman v. Utica Nat. Ins. Co. of Texas, 868 S.W.2d 5, 7 (Tex.App.-Houston [1st Dist.] 1993, writ denied). Nor could Garcia have arranged for half the requests to be deemed admitted and the other half quietly ignored, as deeming occurs automatically without either motion or order. See TEX.R. CIV. P. 198.2(c).

■ We recognize there is some evidence CEBI had not been cooperating in discovery; indeed, its own former attorney

stated this as one reason for withdrawing from the case. But our record reflects none of the procedural steps required to sanction CEBI by imposing liability on that basis. *See TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917–18 (Tex.1991).[1]

By requesting admissions on contested issues and coupling them with mirror-image opposites, Garcia's attorney took the risk that if all were deemed admitted they would prove too much. We hold Garcia's summary judgment cannot be sustained based on these requests.

### Conclusion

As Garcia's summary judgment cannot be sustained based on either the deemed admissions or the remaining evidence submitted in support, the trial court erred in granting summary judgment against it. We reverse the judgment below, and remand for proceedings consistent with this opinion.

EDELMAN, J., concurring in result only.

---

1. The Fourth Court of Appeals has held *TransAmerican* inapplicable to deemed admissions, even if they dispose of a case. *See State v. Carrillo*, 885 S.W.2d 212, 216 (Tex.App.-San Antonio 1994, no writ). Recent authority suggests that may not be correct. *See Spohn Hosp. v. Mayer*, No. 02–0443, 2003 WL 1923002, 104 S.W.3d 878 (April 24, 2003) (holding *TransAmerican* required reversal of order deeming facts admitted for failure to produce witness statements). But as *TransAmerican* only applies to sanctions that "terminate or inhibit the presentation of the merits of a party's claims," *see* 811 S.W.2d at 917–18, it still should not apply to the kind of uncontested or foundational matters for which requests for admissions were originally intended. *See Esparza v. Diaz*, 802 S.W.2d 772, 775 (Tex.App.-Houston [14th Dist.] 1990, no writ).