NUMBER 13-03-628-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

 

THOMAS F. NOONS AND

SIX CONTINENTS HOTELS, INC.                                       Appellants,

 

                                                             v.                                

 

BEHZAD ARABGHANI,                                                                  Appellee.

 

       On
appeal from the 133rd District Court of Harris County, Texas.

 

 

                               MEMORANDUM
OPINION

 

                          Before
Justices Yañez, Castillo, and Garza 

                            Memorandum Opinion
by Justice Garza           








This is an appeal from a summary judgment in favor
of Behzad ABob@ Arabghani. 
Alleging he was wrongfully forced to abandon his leased business
premises, Arabghani filed suit against several parties, including Thomas F.
Noons and Six Continents Hotels, Inc.[1]  After Noons and Six Continents failed to
respond to Arabghani=s requests for admissions, the requests were deemed
admitted as a matter of law and Arabghani subsequently filed a motion for
summary judgment against Noons and Six Continents based on the deemed
admissions.  Noons and Six Continents
subsequently each filed no-evidence motions for summary judgment.  The trial court granted Arabghani=s motion, denied Noons= and
Six Continents= motions, and severed the claims against Noons and
Six Continents from the case, making the judgment against them final.  We reverse the trial court=s judgment in favor of Arabghani because the deemed
admissions amounted to no evidence.  We
render judgment in favor of Noons and Six Continents because each established
entitlement to judgment as a matter of law in their respective no-evidence
motions for summary judgment.  








The undisputed facts are as follows: In September of
2000, Arabghani leased from Westside Hospitality Company (AWestside@) the restaurant facilities at a Holiday Inn Hotel
and Suites (the AHotel@) in Houston for a five-year term.[2]  Arabghani operated a restaurant and bar known
as Kolbeh Persian Cuisine, which provided room, banquet, and catering services
to the Hotel=s guests.  At
the time the lease was executed, Westside was in the process of attempting to
sell the Hotel to British American Properties III, Ltd. (ABAP III@).[3]      On
February 21, 2002, in anticipation of the change of ownership of the Hotel and
for the purpose of applying for a new food service permit, the City of Houston
Health and Human Services Department inspected the restaurant and bar.  The City issued an inspection report showing
that numerous repairs would be necessary to obtain a new permit.  The City required that these repairs be
completed within sixty days from the date the report was issued.  Upon receipt of the report, an agent for BAP
III advised Arabghani of the contents of the report and that his restaurant and
bar operations were in violation of both the terms of the lease agreement and
the Houston City Code.[4]     








On March 12, 2002, BAP III purchased the Hotel.  Thereafter, the Hotel was managed by BAP III=s general partner, Heights Hospitality Corporation (AHeights@).  In a letter dated March 12, 2002, Westside
notified Arabghani that the Hotel had been sold to BAP III.  The letter also provided Arabghani with
ninety days= written notice of termination of the lease with a
scheduled termination date of June 11, 2002. 
On March 13, 2002, Edwin Leslie, on behalf of Heights, delivered
correspondence to Arabghani advising him that the 90-day termination provision
of the lease with Westside would be honored.[5]  The letter also Areminded@ Arabghani that he remained obligated to observe the
terms and conditions of the lease during the 90-day period.  Arabghani acknowledged the letter by signing
it and returned it to Leslie on March 15, 2002. 
Nevertheless, Arabghani did not improve the conditions of the restaurant
and bar premises.  Sometime during the
month of March, BAP III and Heights began making the repairs necessary to bring
the restaurant and bar operations into compliance with the Houston City Code
and Holiday Inn franchise standards.[6]  Shortly thereafter, Arabghani filed claims
against BAP III, Heights, Leslie, Noons,[7]
and Six Continents,[8]
alleging that the repair work rendered the restaurant unsanitary, that lunch
guests were covered with dust, and that he could no longer operate the
restaurant or his room service concession. 
Arabghani also alleged that he was forced to abandon the premises.  Arabghani=s suit
sought the recovery of damages suffered as a result of breach of contract,
breach of the covenant of quiet enjoyment, fraud, and other acts allegedly
committed by BAP III, Heights, Leslie, Noons, and Six Continents.  Arabghani later amended his petition and
added British American Properties of Houston, Inc. and Holiday[9]
as defendants.  Subsequently, Arabghani
filed notice of non-suit without prejudice as to BAP III, Holiday, and British
American Properties of Houston, Inc.








After Arabghani filed suit, he served
interrogatories and requests for disclosure, production, and admission on
Kenneth R. Phillips, who, at that time, was the attorney of record for Noons,
Six Continents, and some of the other defendants.  On September 26, 2002, Arabghani served
requests for admission on Leslie, Noons, and Six Continents.  The responses to the requests for admission
were due on or about October 26, 2002.  See
Tex. R. Civ. P. 198.  The responses were not filed before the due
date, as a result, the responses to the requests were deemed admitted as a
matter of law.  See Tex. R. Civ. P. 198.2.  








On November 19, 2002, Arabghani filed a motion for
summary judgment contending that he is entitled to summary judgment because the
deemed admissions conclusively established the elements of his causes of action
for breach of contract and breach of the covenant of quiet enjoyment.  On November 27, 2002, Noons and Six Continents
filed their responses to the requests for admissions.  On December 5, 2002, the parties
unsuccessfully attempted to mediate the dispute.  On December 9, 2002, appellants filed a
motion to withdraw and substitute counsel and filed a response to Arabghani=s motion for summary judgment, a motion to withdraw
or amend admissions, and a motion for continuance.  On December 30, 2002, appellants each filed
no-evidence motions for summary judgment. 
On January 6, 2003, the trial court conducted an evidentiary hearing on
appellants= motion to withdraw or amend the admissions.  The trial court denied appellants= motion to withdraw admissions, appellants= motions for summary judgment, and granted Arabghani=s motion for summary judgment and severance.  On June 2, 2003, the trial court signed an
interlocutory judgment in cause number 2002-21801 as to Arabghani=s breach of contract and breach of the covenant of
quiet enjoyment claims against Leslie, Noons, and Six Continents.  On June 3, 2003, the court signed an order
severing Arabghani=s claims for breach of contract and breach of the
covenant of quiet enjoyment against Leslie, Noons, and Six Continents from
cause number 2002-21801 and docketing such claims under cause number
2002-21801-B.  Noons and Six Continents
filed motions for new trial, but the motions were denied.  This appeal ensued.[10]                 

On appeal, Noons and Six Continents present five
issues, contending that the trial court erred in (1) overruling their motion to
withdraw or amend the deemed admissions, (2) granting appellee=s motion for summary judgment, (3) denying their
motions for summary judgment, (4) granting judgment providing for multiple
recoveries by appellee for a single injury, and (5) severing appellee=s breach of contract and breach of the covenant of
quiet enjoyment claims against them. 

Standard of Review








Where, as here, both parties move for summary
judgment, each carries its own burden of establishing a right to judgment and
neither can win because the other did not discharge its burden.  See Grain Dealers Mut. Ins. Co. v. McKee,
943 S.W.2d 455, 458 (Tex. 1997); Long v. NCNB-Tex. Nat=l Bank,
882 S.W.2d 861, 862 (Tex. App.BCorpus Christi 1994, no writ).  When both parties file motions for summary
judgment and one is granted and one is denied, we review the summary judgment
evidence that both sides submitted and determine all questions presented.  See Holy Cross Church of God in Christ v.
Wolf, 44 S.W.3d 562, 566 (Tex. 2001); Jones v. Strauss, 745 S.W.2d
898, 900 (Tex. 1988).  Where the only
question presented to the trial court is a question of law and both sides move
for summary judgment, the appellate court, if it reverses the trial court,
should render the judgment that the trial court should have rendered.  Jones, 745 S.W.2d at 900; Cigna v.
Lloyds Ins. Co. v. Bradleys= Elec., Inc., 33 S.W.3d 102, 104 (Tex. App.BCorpus Christi 2000, pet. denied). 

I.  Appellee=s Motion for Summary
Judgment

Under the rules of civil procedure, requests for
admission are automatically deemed admitted as a matter of law on the day after
the answers are due if no answers, objections, or assertions of privilege are
served.  See Tex. R. Civ. P. 198.2(c), 198.3.  Facts that are deemed admitted are
conclusively established against the party who failed to timely respond.  Cartwright v. Mbank Corpus Christi N.A.,
865 S.W.2d 546, 550 (Tex. App.BCorpus Christi 1993, no writ).  Deemed admissions will properly support a
summary judgment if the result is to establish every element of a claim or
defense.  Id.  In their first and second issues on appeal,
appellants assert the trial court erred in refusing to grant permission to
amend or withdraw the admissions, and in granting appellee summary judgment
based on the admissions.  Because we
sustain the latter point, we do not address the former.  

Appellants argue that even if the trial court did
not err in allowing the deemed admissions to stand, they do not provide the
conclusive evidence necessary to support Arabghani=s motion for summary judgment.  Appellants point out that nearly all of the
requests for admission sought admission to a proposition as well as denial of
the same proposition.  Arabghani served a
set of 34 requests on each appellant, consisting of 32 diametrically-opposed
requested admissions.  For example,
appellants were asked to respond to the following requests:

7.  Admit that
the Plaintiffs had a right to a 90-day termination letter, indicating that the
Defendant was terminating the Restaurant Lease Agreement, previously identified
as Exhibit AA@ to Plaintiff=s First Amended Petition. 








 

8.  Admit that
the Plaintiffs did not have a right to a 90-day termination letter, indicating
that the Defendant was terminating the Restaurant Lease Agreement, previously
identified as Exhibit AA@ to Plaintiff=s First Amended Petition.  

 

* * *

 

9.  Admit that
the Defendant forwarded a letter to the Plaintiffs on March 12, 2002
terminating the Restaurant Lease Agreement, previously identified as Exhibit AA@ to Plaintiff=s First Amended Petition.  

 

12.  Admit
that the Defendant did not forward a letter to the Plaintiffs on March 12, 2002
terminating the Restaurant Lease Agreement, previously identified as Exhibit AA@ to Plaintiff=s First Amended Petition.  

 

* * * 

 

25.  Admit
that at any time prior to June 10, 2002, the remodeling project of the
Defendant, done in accordance with the Property Improvement Plan of Holiday Inn
dated August 15, 2002, rendered the kitchen area unsanitary for the preparation
of food.  

 

26.  Admit
that at any time prior to June 10, 2002, the remodeling and construction
project of the Defendant, done in accordance with the Property Improvement Plan
of Holiday Inn dated August 15, 2002, did not render the kitchen area
unsanitary for the preparation of food.  

 








Appellants argue that, at best, these admissions
establish both the existence and nonexistence of the same matters and thus do
not conclusively prove anything. 
Appellants further contend that because Arabghani incorporated all of
the admissions into his motion for summary judgment, the result is that genuine
issues of material fact remain.  In
support of their argument, appellants cite to CEBI Sanayi Ve Ticaret A.S.,
v. Garcia, 108 S.W.3d 464, 466 (Tex. App.BHouston
[14th Dist.] 2003, no pet.).  In CEBI,
the Fourteenth Court of Appeals addressed a similar situation.  The court held that requesting admissions on
contested issues and coupling them with mirror-image opposites created fact
questions and, thus, summary judgment based on the deemed admissions could not
be sustained.  Id.  The court reasoned that Garcia could not
avoid the conflicting answers by relying on half of his requests.  The court stated, A[w]e cannot pick and choose among controverted facts
in a summary judgment record, and these admissions become part of that record
when they were filed.@  Id.  The court noted that Garcia could not
have arranged for half the requests to be deemed admitted and the other half
quietly ignored, as deeming occurs automatically.  Id.; see Tex. R. Civ. P. 198.2(c).            

Arabghani argues that mere requests for admission, even
if deemed admitted, are not summary judgment evidence; instead, the admissions
themselves are the summary judgment evidence. 
He states that the admissions exist only in some metaphysical or
theoretical sense and, while they can be referred to or relied on, they cannot
be physically attached to the summary judgment or physically made a part of the
record.  We find this argument without
merit because requests for admission and answers become part of the record when
they are filed with the clerk of the court. 
CEBI, 108 S.W.3d at 466; Newman v. Utica Nat. Ins. Co. of Tex.,
868 S.W.2d 5, 7 (Tex. App.BHouston [1st Dist.] 1993, writ denied).  Moreover, Arabghani states that his motion
for summary judgment does not refer to, or introduce into evidence, any of the
admissions that do not support the summary judgment.  However, after reviewing Arabghani=s motion for summary judgment, we find that
Arabghani did in fact incorporate all of the unanswered requests for admissions
as exhibits A-D.[11]  In his motion, Arabghani specifically
incorporated Athe entirety of Exhibits >A=, >B=, >C=, and >D= into this Motion . . . .@  








The admissions relied upon by Arabghani became a
part of the record when he filed the requests with the clerk of the court.  In addition, Arabghani specifically
incorporated the entirety of the admissions as summary judgment evidence.  Not only should the trial court have
considered the deemed admissions in ruling on the motion for summary judgment,
the trial court had no discretion to ignore certain deemed admissions.  Pathfinder Pers. Serv., Inc. v. Worsham,
619 S.W.2d 475, 476 (Tex. Civ. App.BHouston [14th Dist.] 1981, no writ) (holding that
trial court erred in disregarding certain of the requests for admission).  Because each of Arabghani=s requests was paired with an opposite request, the
deemed admissions conclusively established every proposition and its opposite
as well, thus preventing any issues of fact from being resolved. 








Arabghani further urges that CEBI is
incorrect and that it should not be followed. 
Arabghani suggests that the holding of CEBI is wrong because it
would allow admitting parties to use their own admissions in their favor.  In support of this contention, Arabghani
asserts that deemed admissions are effective only against the party making the
admission, not against co-defendants, third parties, or opposing parties.  See Thalman v. Martin, 635 S.W.2d 411,
414 (Tex. 1982); Sympson v. Mor-Win Prods., Inc., 501 S.W.2d 362, 364
(Tex. Civ. App.BFort Worth 1973, no writ); Sprouse v. Texas
Employers Ins. Ass=n, 459
S.W.2d 216, 220 (Tex. Civ. App.BBeaumont 1970, writ ref=d n.r.e.). 
Arabghani argues that the holding in CEBI assumes that appellants
could avoid summary judgment by relying on their own responses to the
admissions, specifically those that are inconsistent with the admissions relied
upon by Arabghani.  He argues that under
Texas law, Athe party to whom the request is addressed cannot
use its own self-serving answers.@  See
Sympson, 501 S.W.2d at 364; Sprouse, 459 S.W.2d at 220.    

In response, appellants argue that the analysis in CEBI
is not grounded on the assumption that the responding party has offered its
own admissions, but instead is based on the notion that the movant=s own summary judgment evidence is conflicting and
does not establish the absence of fact issues. 
We agree.  While a movant=s exhibit can support a motion for summary judgment,
it may also create a fact question, as in the present case.  See Keever v. Hall & Northway Adver.,
Inc., 727 S.W.2d 704, 706 (Tex. App.BDallas 1987, no writ) (AA nonmovant may rely on the summary judgment
evidence referenced or set forth in the movant=s own
motion in order to raise a fact issue.@).  Material
fact issues were raised by Arabghani=s own evidence in support of his motion for summary
judgment.  As such, Arabghani failed to
meet his burden to show that no issues of material fact exist; therefore, the
burden never shifted to appellants to create genuine issues of material
fact.  Arabghani=s summary judgment cannot be sustained based on the
conflicting deemed admissions. 
Therefore, the trial court erred in granting summary judgment.  Accordingly, we sustain appellants= second issue.

II.  Appellants= Motions for Summary
Judgment








Appellants each filed cross-motions for summary
judgment.  Each motion contended that (1)
there was no evidence of the essential elements of Arabghani=s breach of contract and breach of the covenant of
quiet enjoyment claims on which he had the burden of proof at trial, (2) the
summary judgment evidence conclusively disproved as a matter of law the
essential elements of Arabghani=s breach of contract and breach of the covenant of
quiet enjoyment claims, and (3) the evidence conclusively proved as a matter of
law each essential element of appellants= affirmative defenses of estoppel and material
breach of agreement by Arabghani which discharged or excused performance by
appellants.  

A.  Six Continents= Motion for Summary
Judgment

We review a no-evidence summary judgment de novo,
viewing the evidence in the light most favorable to the non-movant and
disregarding all evidence and inferences to the contrary. See Merrell Dow
Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997); Moore v. K
Mart Corp., 981 S.W.2d 266, 269 (Tex. App.BSan
Antonio 1998, pet. denied).  A party may
move for a no-evidence summary judgment on the ground that there is no evidence
of one or more essential elements of a claim or defense on which an adverse
party would have the burden of proof at trial. 
Tex. R. Civ. P.
166a(i).  A no-evidence summary judgment
motion is improperly granted when the non-movant brings forth more than a scintilla
of probative evidence that raises a genuine issue of material fact.  Id.; Gomez v. Tri City Cmty. Hosp.,
Ltd., 4 S.W.3d 281, 283 (Tex. App.BSan Antonio 1999, no pet.).  Less than a scintilla of evidence exists when
the evidence is Aso weak as to do no more than create a mere surmise
or suspicion@ of a fact.  Kindred
v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983).  More than a scintilla of evidence exists when
the evidence Arises to a level that would enable reasonable and
fair-minded people to differ in their conclusions.@ Merrell Dow Pharms., 953 S.W.2d at 711.  








In its
no-evidence motion for summary judgment, Six Continents argued that there is no evidence of the essential elements of breach
of contract or breach of the covenant of quiet enjoyment.  The elements required to prove breach of contract
include (1) the existence of a contractual obligation or duty, (2) performance
or tendered performance of the terms of the contract, and (3) the other party=s
breach of that contract.  See Garner
v. Corpus Christi Nat. Bank, 944 S.W.2d 469, 476 (Tex. App.BCorpus
Christi 1997, writ denied); Inglish v. Prudential Ins. Co. of Am., 928
S.W.2d 702, 705 (Tex. App.BHouston [1st Dist.] 1996, writ denied).  The elements required to prove breach of the
covenant of quiet enjoyment include (1) an intention of the landlord that the
tenant no longer enjoy the premises, (2) a material act by the landlord that
substantially interferes with the intended use and enjoyment of the premises,
(3) the act permanently deprives the tenant of the use and enjoyment of the
premises, and (4) the tenant abandons the premises within a reasonable time
after the consummation of the act.  See
Holmes v. P.K. Pipe & Tubing, Inc., 856 S.W.2d 530, 539 (Tex. App.BHouston [1st
Dist.] 1993, no writ); Coleman v. Rotana, 778 S.W.2d 867, 872 (Tex. App.BDallas 1989,
writ denied).

Six Continents= motion for
summary judgment asserted that (1) as an affiliate of Holiday, Six Continents
owns certain trademarks and licenses them to Holiday; (2) neither Holiday nor
Six Continents own, operate, manage, or control the Hotel; (3) neither Holiday
nor Six Continents have ever been parties to any lease agreements with
Arabghani nor have they ever been in any landlord-tenant relationship with
Arabghani; and (4) neither Holiday nor Six Continents have ever had any
contract or dealings of any kind with Arabghani.








In response to
Six Continents= motion for summary judgment, Arabghani
relies only on the deemed admissions as evidence of the existence of a contract
between Six Continents and Arabghani. 
However, we have already held that the deemed admissions are, in effect,
no evidence.  Arabghani had the burden to
bring forth more than a scintilla of probative evidence that would raise a
genuine issue of material fact.  See
Galveston v. Newspapers, Inc. v. Norris, 981 S.W.2d 797, 799-800 (Tex. App.BHouston [1st
Dist.] 1998, pet. denied) (AUnder the
no-evidence summary judgment standard, >the party with
the burden of proof at trial will have the same burden of proof in a summary
judgment proceeding.=@).  Arabghani failed to bring forth any evidence
that Six Continents had a contractual obligation or duty to him.  As such, Arabghani failed to bring forth more
than a scintilla of evidence that would raise a genuine issue of material fact
as to the first element required for a breach of contract claim. We further find
that Arabghani failed to present any evidence to establish breach of the
covenant of quiet enjoyment.  Without
proof of a contractual relationship, namely a lease, there cannot be a
landlord-tenant relationship between Arabghani and Six Continents; therefore,
Six Continents could not have breached any covenant of quiet enjoyment.  Accordingly, we hold that the trial court
erred in denying Six Continents= motion for
summary judgment.  We reverse the order
of the trial court and render summary judgment in favor of Six Continents.[12]

B.  Noons= Motion for
Summary Judgment

 








As grounds for summary judgment, Noons
asserted that there is no evidence of the essential elements of Arabghani=s breach of contract or breach of
covenant of quiet enjoyment claims.  In
response, Arabghani asserts that Noons is a party to the lease agreement.  Arabghani only offered the deemed admissions
as evidence of the contract; however, we have already held that the deemed
admissions are no evidence.  Accordingly,
we find that Arabghani has failed to bring forth more than a scintilla of
evidence to raise a fact issue as to the first element required for breach of
contract.  We further find that Arabghani
failed to present any evidence to establish breach of the covenant of quiet
enjoyment.  Again, without proof of a
contractual relationship between Noons and Arabghani, it follows that Arabghani
failed to establish a landlord-tenant relationship between them; therefore,
Noons could not have breached any covenant of quiet enjoyment.  Accordingly, we hold that the trial court
erred in denying Noons= no-evidence motion for summary
judgment. 

Given our disposition of the case, we do
not address appellants= remaining two issues, which would
entitle appellant to equal or lesser relief. 
See Tex. R. App. P.
47.1.  

Conclusion

We reverse the decision of the trial
court granting summary judgment in Arabghani=s favor.  We render summary
judgment in favor of appellants as to Arabghani=s claims of breach of contract and breach of the covenant of quiet
enjoyment claims.    

 

 

_______________________

DORI CONTRERAS
GARZA,

Justice

 

Memorandum
Opinion delivered and 

filed this the
25th day of August, 2005.











[1] Arabghani filed suit for breach of
contract, breach of the covenant of quiet enjoyment, fraud, and other acts
allegedly committed by BAP III, Heights, Leslie, Noons, and Six Continents. 





[2] At the time the lease was
executed, the Hotel was owned by Westside, which is not a party to this suit. 





[3] The lease contains the following
language: 

 

Section 31. 
Termination.  In addition to other rights of Landlord to
terminate as provided in this lease, either 
Landlord or Tenant shall have the absolute right to terminate this
lease, upon 90 days written notice to the other 
party, in the event of any sale, transfer or disposition of any material
interest in the Hotel or the Landlord or in the event of any major renovation
to the Hotel or change in franchise affiliation.  





[4] Under the terms of the lease
agreement, Arabghani agreed to operate the restaurant and related facilities in
Aan efficient, high class and
reputable manner with adequate personnel, merchandise and inventory to meet
usual and ordinary demands,@ to Acomply with the requirements of the
existing franchise or any successor franchisor of the hotel, as they may from
time to time exist,@ and to Apass all health inspections of the
leased premises, . . . not suffer any citations or shut down or permit any
adverse publicity to occur regarding operation of the business on the leased
premises.@





[5] Edwin Leslie is a limited partner
of BAP III and an officer, director, and shareholder of Heights. 





[6] The parties do not provide us with
the exact date on which BAP III and Heights began the repairs.  Appellants state that the work began in AMarch 2002,@ and Arabghani states that work
began Aalmost immediately@ after receiving the March 12
letter.   





[7] Thomas Noons is a limited partner
of BAP III and an officer, director, and shareholder of Heights. 





[8] Six Continents is an affiliate of
Holiday Hospitality Franchising, Inc. (AHoliday) and owns certain trademarks and licenses them to
Holiday.





[9] The Hotel was operated pursuant to
a licensee agreement with Holiday. The license agreement allowed the Hotel to
use Holiday=s trademarks, registered marks,
service marks, logos and sign designs, and to operate within the Holiday Inn
hotel system.





[10] Leslie does not join in this
appeal as his filing for bankruptcy rendered the summary judgment and severance
orders void as to him.  See 11
U.S.C. ' 362(a); In re Southwestern Bell
Tel. Co., 35 S.W.3d 602, 604-605 (Tex. 2000).  Arabghani=s claims against Leslie remain pending in 133rd District
Court under cause number 2002-21801.  





[11] Exhibit AA@ consists of the unanswered
requests for admissions to Heights Hospitality Corporation, exhibits AB@ and AC@ consist of the unanswered requests
for admissions to Leslie and Noons, and exhibit D consists of the unanswered
requests for admissions to Six Continents. 






[12] Because we grant Six Continent=s no-evidence summary judgment, we
do not address its remaining issues on appeal.