COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NO.
02-05-188-CV

 

 

THE PROFITLIVE PARTNERSHIP 

AND PROFITLIVE, INC.                                                       APPELLANTS

 

                                                   V.

 

CHERYL M. SURBER AND 

JOHNSON PROPERTY 

INVESTMENTS, INC.                                                             APPELLEES

 

                                              ------------

 

            FROM
THE 67TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

                                          I.  Introduction

Appellants The Profitlive
Partnership and Profitlive, Inc. (collectively, Profitlive) appeal the trial
court=s summary judgment for appellees Cheryl M. Surber and Johnson Property
Investments, Inc. (JPI) on appellees= common law fraud and conspiracy claims.  We reverse and remand.








Profitlive operated Creative
Real Estate Workships (CREW) in the Dallas-Fort Worth area.  In May 2001, after listening to a radio
broadcast, attending several CREW workshops, and meeting with Profitlive=s president, Dan Franklin, Surber invested $100,000 on behalf of JPI
in exchange for a 10% ownership interest in Profitlive.  Four months later, Profitlive was no longer
operating, and appellees had realized only a dismal return on their
investment.  In December 2001, appellees
sued Profitlive, alleging claims for common law fraud and conspiracy.

During the discovery period,
appellees served requests for admissions on Profitlive.  Profitlive did not respond to the requests
for admissions; consequently, pursuant to procedural rule 198.2(c), the
requests were deemed admitted by Profitlive.[1]  Thereafter, appellees filed a motion for
summary judgment supported primarily by the deemed admissions and Surber=s affidavit.  Profitlive did not
respond to the motion or appear at the summary judgment hearing.  The trial court granted appellees= motion and rendered a summary judgment awarding them nearly $700,000
in actual and exemplary damages and interest.








In its first issue,
Profitlive complains that the summary judgment for appellees is improper
because it is based on the affidavit of Surber, an interested party, and
Profitlive=s deemed
admissions that should have been stricken based on principles of equity.  Profitlive also argues that the summary
judgment evidence does not satisfy appellees= burden of proof.








The function of summary
judgment is not to deprive a litigant of his right to trial by jury but to
eliminate patently unmeritorious claims and untenable defenses.[2]  Thus, a plaintiff is entitled to summary
judgment on a cause of action only if she conclusively proves all essential
elements of her claim as a matter of law.[3]  When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant=s favor.[4]  When the movant=s summary judgment proof fails to conclusively establish each element
of her cause of action, the trial court may not grant summary judgment by
default simply because the nonmovant did not respond to the summary judgment
motion.[5]

To be entitled to summary
judgment, appellees were required to establish each element of their causes of
action as a matter of law.  The elements
of common law fraud are (1) a material representation, (2) that is false, (3)
which was either known to be false when made or was made recklessly without
knowledge of its truth, (4) with the intent that the representation be relied
upon, (5) that it was relied upon, and (6) which caused injury.[6]  The elements of civil conspiracy are: (1) two
or more persons, (2) an object to be accomplished, (3) a meeting of the minds
on the object or course of action, (4) one or more unlawful, overt acts, and
(5) damages as a proximate result.[7]








In this case, the summary
judgment awards appellees actual damages of $229,448.25; however, the summary
judgment evidence does not conclusively establish that appellees suffered
damages in this amount as a result of Profitlive=s conduct.  Profitlive=s deemed admissions, on which appellees rely, establish that appellees
were induced by Profitlive=s false, material misrepresentations to invest $100,000 in Profitlive
and that the only return appellees received on this investment was $1,000.  This evidence is controverted, however, by
Surber=s own affidavit, which avers that appellees were damaged in the Aapproximate@ amount of
$229,448.25 and that the return appellees received on their investment was
$1,100.  Specifically, Surber=s affidavit avers as follows:

As a
result of the misrepresentations made by [Profitlive], and as a result of the
conspiracy [of] Franklin and [Profitlive=s partners, officers, and
directors, appellees] have actually been damaged in the approximate
amount of $229,448.25 plus interest . . . . 
These actual damages are based on my original investment of $100,000.00
. . . plus interest . . . .  I have spent
approximately 2500 hours during the course of this litigation investigating and
pursuing this case, time which, if not for [Profitlive=s]
actions, I would have spent doing consulting or other employment
activities  utilizing my M.B.A.  I am only seeking damages for 1500 hours of
my time . . . at a consulting rate of $50/hour, which is reasonable given my
education and experience. . . .  The
total amount of [appellees=] damages is approximately
$229,448.25 plus interest . . . . 
[Emphasis supplied.][8]


 








Thus, appellees= own summary judgment evidence raises a material issue of fact
regarding the amount of their damages. 
Because appellees have failed to conclusively establish that they are
entitled to summary judgment on all essential elements of their causes of action,
the judgment must be reversed.[9]

Upon reversal of a summary
judgment, our ordinary disposition is to remand for a new trial.  The effect of a new trial is that all
proceedings in the trial court are set aside and the cause is reinstated on the
docket as though it had never been tried.[10]









Rule 44.1(b) of the Texas
Rules of Appellate Procedure provides in part that this court Amay not order a separate trial solely on unliquidated damages if
liability issues are contested.@[11]  We conclude that the
restriction of Rule 44.1(b) applies in this case because the damages are
unliquidated; therefore, we reverse the entire summary judgment and remand the
case for a new trial on both liability and damages.  Because this disposition comports with
Profitlive=s prayer[12]
and affords Profitlive the greatest relief we can grant them  on appeal, it is not necessary to address
Profitlive=s arguments
challenging the competency of Surber=s affidavit, the propriety of the deemed admissions, or the trial
court=s award of punitive damages.

We sustain Profitlive=s first issue,[13]
reverse the trial court=s summary
judgment for appellees, and remand the cause to the trial court for a new
trial.

 

 

 

JOHN CAYCE

CHIEF JUSTICE

 

PANEL
A:  CAYCE, C.J.; DAUPHINOT and WALKER,
JJ.

 

WALKER,
J., filed a concurring and dissenting opinion.

 

DELIVERED:  August 16, 2007













 
 
 
 
 
 
 




 

 

 

 

 

 

                                COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-188-CV

 

 

THE PROFITLIVE PARTNERSHIP                                           APPELLANTS

AND
PROFITLIVE, INC.

 

                                                   V.

 

CHERYL
M. SURBER AND

JOHNSON
PROPERTY INVESTMENTS, INC.                                      APPELLEES

 

                                              ------------

 

            FROM THE 67TH DISTRICT COURT OF
TARRANT COUNTY

 

                                              ------------

 

                   CONCURRING
AND DISSENTING OPINION

 

                                              ------------













The trial court entered a $688,344.75 traditional summary judgment
that included an award of $458,896.50 in exemplary damages against Appellants
Profitlive Partnership and Profitlive, Inc. based in part exclusively on
seventy-three merits-preclusive deemed admissions.[14]  I concur with the majority opinion reversing
the summary judgment on the ground that Appellees= summary judgment evidence did not conclusively establish actual
damages.  In this appeal Appellants also
assert, however, that the seventy-three merits-preclusive deemed admissions
should be set aside.  Although Appellants
expressly challenge these deemed admissions, the majority fails to address this
issue; the majority opinion leaves unresolved the issues of whether the deemed
admissions should be set aside by virtue of this appeal, whether Appellants
should have the opportunity to seek to Aundeem@ the
admissions on remand, and whether the admissions seek the type of information
that may be Adeemed@ admitted in any event.  See,
e.g., Wheeler v. Green, 157 S.W.3d 439, 443 (Tex. 2005) (reversing
summary judgment based on deemed merits-preclusive admissions); Stelly v.
Papania, 927 S.W.2d 620, 622 (Tex. 1996) (per curiam) (explaining that
requests for admissions were Anever intended to be used as a demand upon a plaintiff or defendant to
admit that he had no cause of action or ground of defense@); Boulet v. State, 189 S.W.3d 833, 838 (Tex. App.CHouston [1st Dist.] 2006, no pet.) (citing Gore v. Cunningham,
297 S.W.2d 287, 291 (Tex. Civ. App.CBeaumont 1956, writ ref=d n.r.e.), and noting that Athe purpose of the rule [regarding requests for admissions] is to
eliminate in advance of the trial fact issues which would not be in dispute,
and that the rule does not contemplate or authorize admissions to questions
involving points of law@); White
v. Watkins, 385 S.W.2d 267, 269 (Tex. Civ. App.CWaco 1964, no writ) (noting that Aconclusions, opinions, and statements of subjective intent . . .
should not be deemed admitted facts@); Fort Bend Cent. Appraisal Dist. v. Hines Wholesale Nurseries,
844 S.W.2d 857, 858-59 (Tex. App.CTexarkana 1992, writ denied) (explaining that A[a] deemed admission of a purely legal issue is of no effect@).

A court of appeals must address every issue raised and necessary to a
final disposition of the appeal; this requirement is mandatory, and courts of
appeals are not at liberty to disregard it. 
See Tex. R. App. P. 47.1;
West v. Robinson, 180 S.W.3d 575, 575-76 (Tex. 2005) (reversing court of
appeals= judgment because court of appeals failed to address all issues
necessary to final disposition of the appeal); Lone Star Gas Co., a Div. of
Enserch Corp. v. R.R. Com'n of Tex., 767 S.W.2d 709, 710 (Tex. 1989) (per
curiam) (same); see also State Bar of Tex. v. Evans, 774 S.W.2d 656, 658
n.6 (Tex. 1989) (recognizing court of appeals erred by not addressing each
argument necessary to disposition of the appeal).    Because the majority fails to address an
issue raised by Appellants that, if sustained, would grant Appellants
additional and greater relief on appeal than simply a reversal of the summary
judgment, I respectfully dissent.

 

SUE
WALKER

JUSTICE

DELIVERED:  August 16, 2007







 

 

 

 

 

 



                                           2-05-188-CV

 

                                             EXHIBIT
1













[1]See Tex. R. Civ. P. 198.2(a) (providing
that a party must respond to requests for admissions within thirty days); Tex. R. Civ. P. 198.2(c) (AIf a
response is not timely served, the request is considered admitted without the
necessity of a court order.@).





[2]Gulbenkian
v. Penn, 151 Tex. 412, 252 S.W.2d 929, 931 (1952).





[3]See Tex. R. Civ. P. 166a(a), (c); MMP, Ltd.
v. Jones, 710 S.W.2d 59, 60 (Tex. 1986); City of Houston v. Clear Creek
Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).





[4]IHS
Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason, 143
S.W.3d 794, 798 (Tex. 2004).





[5]Rhone‑Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 222-23 (Tex. 1999); City of
Houston, 589 S.W.2d at 678.





[6]Johnson
& Johnson Med., Inc. v. Sanchez, 924 S.W.2d 925, 929-30 (Tex.
1996); Malone v. Sewell, 168 S.W.3d 243, 252 (Tex. App.CFort
Worth 2005, pet. denied).





[7]Tri
v. J.T.T., 162 S.W.3d 552, 556 (Tex. 2005).





[8]Indeed,
appellees=
original $100,000 investment less the $1,000 return that they received from
Profitlive, plus Surber=s
damages for 1,500 hours of her time at $50 per hour, equals only $174,000.  The remainder of the damages amount that
appellees claim is prejudgment interest and $3,000 for Aexpenses.@ 





[9]See MMP,
Ltd., 710 S.W.2d at 60 (holding that summary judgment is improper where the
summary judgment evidence does not conclusively establish all essential
elements of the plaintiff=s
cause of action); see also CEBI Metal Sanayi Ve Ticaret A.S. v. Garcia,
108 S.W.3d 464, 466 (Tex. App.CHouston [14th Dist.] 2003, no
pet.) (holding that summary judgment based on deemed admissions was improper
where the admissions contradicted each other, thereby creating fact issues).





[10]State
Dep=t of
Hwys. & Pub. Transp. v. Ross, 718 S.W.2d 5, 11 (Tex. App.CTyler
1986, no writ); see Hudson v. Wakefield, 711 S.W.2d 628, 630-31 (Tex.
1986) (holdng that when a summary judgment is reversed and remanded for trial,
litigants are not restricted to the issues raised in the summary judgment
proceeding). 





[11]Tex. R. App. P. 44.1(b); cf. Tex. R. Civ. P. 320 (providing that no
new trial on unliquidated damages alone shall be ordered if liability is
contested).





[12]In
its prayer, Profitlive states the following: AFor
the foregoing reasons, Profitlive Defendants respectfully request that this
Court reverse the trial court=s order granting summary
judgment to Plaintiffs and awarding Plaintiffs exemplary damages, and grant
such other relief as may be necessary.@





[13]See Tex. R. App. P. 47.1.





[14]A
complete copy of the deemed admissions is attached as AExhibit
1.@