

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-08-173-CV

TRIPLE R AUTO SALES                                             APPELLANT

V.

FORT WORTH TRANSPORTATION                                       APPELLEE
AUTHORITY

------------

FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellee Fort Worth Transportation Authority (FWTA) sued Appellant

Triple R Auto Sales (Triple R) on a theory of negligent entrustment of an

automobile.  Triple R failed to timely respond to request for admissions

propounded by FWTA, and consequently, the admissions were deemed

admitted.  *See* Tex. R. Civ. P. 198.2(c) ("If a response [to a request for

---

[1] *See* Tex. R. App. P. 47.4.

admissions] is not timely served, the request is considered admitted without the necessity of a court order."). Triple R did not seek any relief in the trial court from the deemed admissions. FWTA subsequently filed a motion for summary judgment relying solely on the deemed admissions. Triple R did not file any controverting summary judgment evidence.[2] Triple R did not appear at the summary judgment hearing. After the hearing, the trial court granted FWTA's motion for summary judgment and entered a final judgment awarding FWTA money damages in the amount admitted in the deemed admissions. Triple R perfected this appeal.

In a single issue, Triple R contends that it cannot be liable for negligent entrustment of an automobile because no evidence was presented proving that it owned or had a right to control that automobile. Triple R admitted, via the deemed admissions, the following: (1) that Triple R "owned, possessed or controlled" the vehicle prior to January 2, 2006; (2) that on January 2, 2006, Triple R "sold and delivered possession" of the vehicle to a Mr. Davis; (3) that Mr. Davis subsequently collided with the back end of FWTA's vehicle; (4) that the accident "would not have occurred had Triple R . . . not negligently

---

[2] Triple R filed a short, three-paragraph response to FWTA's motion for summary judgment and attached two documents. One purports to be an affidavit but is not signed by anyone, and the other is a copy of the untimely answered and filed request for admissions.

2

entrusted and sold the vehicle" to Mr. Davis; and (5) that the negligence of Triple R "was the direct and proximate cause of the accident." *See* Tex. R. Civ. P. 198.2(c).

Although deemed admissions often are sufficient evidence to support summary judgment, when they create fact issues rather than resolve them, they cannot be the basis for summary judgment. *See CEBI Metal Sanayi Ve Ticaret A.S. v. Garcia*, 108 S.W.3d 464, 466 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *see also Luke v. Unifund CCR Partners*, No. 02-06-00444-CV, 2007 WL 2460327, at *4–5 (Tex. App.—Fort Worth 2007, no pet.) (mem. op.) (observing dilemma presented by conflicting admissions); *Profitlive P'ship v. Surber*, 248 S.W.3d 259, 261 (Tex. App.—Fort Worth 2007, no pet.) (requiring reversal of summary judgment when appellee's own summary judgment evidence raised material issue of fact). We cannot pick and choose among controverted facts in a summary judgment record, nor can a litigant avoid conflicts created by deemed admissions of opposite facts by relying on only some of the deemed admissions. *Garcia*, 108 S.W.3d at 466 (holding that deemed admissions, which established every proposition and its opposite as well, created fact issues).

Here, the deemed admissions establish both that Triple R sold and delivered possession of the vehicle to Mr. Davis prior to the accident and that

3

Triple R negligently entrusted the vehicle to him. To establish Triple R's liability under the theory of negligent entrustment, FWTA had to show that Triple R owned the vehicle, that it entrusted the vehicle to an unlicensed, incompetent, or reckless driver that Triple R knew or should have known to be unlicensed, that the driver was negligent on the occasion in question, and that the driver's negligence proximately caused the accident. *See De Blanc v. Jensen*, 59 S.W.3d 373, 375–76 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (citing *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987)). A nonowner of a vehicle may be held liable for negligent entrustment of a vehicle if the nonowner has the right to control the vehicle. *Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 52 (Tex. App.—Fort Worth 2002, no pet.). But Texas courts have refused to expand negligent entrustment liability to sellers. *See Nat'l Convenience Stores, Inc. v. T.T. Barge Cleaning Co.*, 883 S.W.2d 684, 685, 687 (Tex. App.—Dallas 1994, writ denied); *Salinas v. Gen. Motors Corp.*, 857 S.W.2d 944, 948 (Tex. App.—Houston [1st Dist.] 1993, no writ); *Rush v. Smitherman*, 294 S.W.2d 873, 875 (Tex. Civ. App.—San Antonio 1956, writ ref'd). The rationale behind this rule is that a seller, unlike a bailor in a bailment, lacks the ability to control a chattel once he sells it. *Rush*, 294 S.W.2d at 876–77 ("A bailor entrusts, for what he entrusts is his. But a vendor does not entrust; he sells his chattel.").

Triple R's conflicting deemed admissions at a minimum create a fact issue regarding ownership and control of the vehicle; the admissions establish both that Triple R sold the vehicle to Mr. Davis before the accident and that Triple R negligently entrusted the vehicle to him, and they do not establish that Triple R retained ownership or control over the vehicle.[3]  *See id.*  Thus, based on the conflicting nature of the deemed admissions in this case, we cannot uphold the summary judgment for FWTA.  We hold that the summary judgment evidence does not conclusively establish as a matter of law Triple R's liability for negligent entrustment.  *See Garcia*, 108 S.W.3d at 466; *Surber*, 248 S.W.3d at 261.  Consequently, we sustain Triple R's sole issue.

We reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.

SUE WALKER
JUSTICE

PANEL: CAYCE, C.J.; WALKER and MCCOY, JJ.

DELIVERED: January 22, 2009

---

[3]  FWTA contends that its amended petition specifically alleges that "Triple R was 'the owner, consignee and or possessor' of the vehicle . . . at all times relevant thereto," but the cited portions of the petition assert that Triple R was "the owner, consignee and or possessor of the vehicle" on January 2, 2006 and that "on said date same was sold by" Triple R to Mr. Davis.