COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-173-CV

 

 

TRIPLE R AUTO SALES                                                         APPELLANT

 

                                                   V.

 

FORT WORTH TRANSPORTATION                                            APPELLEE

AUTHORITY

 

                                              ------------

 

         FROM
COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------              








Appellee Fort Worth
Transportation Authority (FWTA) sued Appellant Triple R Auto Sales (Triple R)
on a theory of negligent entrustment of an automobile.  Triple R failed to timely respond to request
for admissions propounded by FWTA, and consequently, the admissions were deemed
admitted.  See Tex. R. Civ. P.
198.2(c) (AIf a
response [to a request for admissions] is not timely served, the request is
considered admitted without the necessity of a court order.@).  Triple R did not seek any
relief in the trial court from the deemed admissions.  FWTA subsequently filed a motion for summary
judgment relying solely on the deemed admissions.  Triple R did not file any controverting
summary judgment evidence.[2]  Triple R did not appear at the summary
judgment hearing.  After the hearing, the
trial court granted FWTA=s motion for
summary judgment and entered a final judgment awarding FWTA money damages in
the amount admitted in the deemed admissions. 
Triple R perfected this appeal.








In a single issue, Triple R
contends that it cannot be liable for negligent entrustment of an automobile
because no evidence was presented proving that it owned or had a right to
control that automobile.  Triple R admitted,
via the deemed admissions, the following: (1) that Triple R Aowned, possessed or controlled@ the vehicle prior to January 2, 2006; (2) that on January 2, 2006,
Triple R Asold and
delivered possession@ of the
vehicle to a Mr. Davis; (3) that Mr. Davis subsequently collided with the back
end of FWTA=s vehicle;
(4) that the accident Awould not
have occurred had Triple R . . . not negligently entrusted and sold the vehicle@ to Mr. Davis; and (5) that the negligence of Triple R Awas the direct and proximate cause of the accident.@  See Tex. R. Civ. P.
198.2(c).  

Although deemed admissions
often are sufficient evidence to support summary judgment, when they create
fact issues rather than resolve them, they cannot be the basis for summary
judgment.  See CEBI Metal Sanayi Ve
Ticaret A.S. v. Garcia, 108 S.W.3d 464, 466 (Tex. App.CHouston [14th Dist.] 2003, no pet.); see also Luke v. Unifund CCR
Partners, No. 02-06-00444-CV, 2007 WL 2460327, at *4B5 (Tex. App.CFort Worth
2007, no pet.) (mem. op.) (observing dilemma presented by conflicting
admissions); Profitlive P=ship v. Surber, 248 S.W.3d 259, 261
(Tex. App.CFort Worth
2007, no pet.) (requiring reversal of summary judgment when appellee=s own summary judgment evidence raised material issue of fact).  We cannot pick and choose among controverted
facts in a summary judgment record, nor can a litigant avoid conflicts created
by deemed admissions of opposite facts by relying on only some of the deemed
admissions.  Garcia, 108 S.W.3d at
466 (holding that deemed admissions, which established every proposition and
its opposite as well, created fact issues).








        Here, the deemed admissions establish both
that Triple R sold and delivered possession of the vehicle to Mr. Davis prior
to the accident and that Triple R negligently entrusted the vehicle to
him.  To establish Triple R=s liability under the theory of negligent entrustment, FWTA had to
show that Triple R owned the vehicle, that it entrusted the vehicle to an
unlicensed, incompetent, or reckless driver that Triple R knew or should have
known to be unlicensed, that the driver was negligent on the occasion in
question, and that the driver=s negligence proximately caused the accident.  See De Blanc v. Jensen, 59 S.W.3d 373,
375B76 (Tex. App.CHouston [1st
Dist.] 2001, no pet.) (citing Schneider v. Esperanza Transmission Co.,
744 S.W.2d 595, 596 (Tex. 1987)).  A
nonowner of a vehicle may be held liable for negligent entrustment of a vehicle
if the nonowner has the right to control the vehicle.  Morris v. JTM Materials, Inc., 78
S.W.3d 28, 52 (Tex. App.CFort Worth
2002, no pet.).  But Texas courts have
refused to expand negligent entrustment liability to sellers.  See Nat=l Convenience Stores, Inc. v. T.T. Barge Cleaning Co., 883 S.W.2d 684, 685, 687 (Tex. App.CDallas 1994, writ denied); Salinas v. Gen. Motors Corp., 857
S.W.2d 944, 948 (Tex. App.CHouston [1st Dist.] 1993, no writ); Rush v. Smitherman, 294
S.W.2d 873, 875 (Tex. Civ. App.CSan Antonio 1956, writ ref=d).  The rationale behind this
rule is that a seller, unlike a bailor in a bailment, lacks the ability to
control a chattel once he sells it.  Rush,
294 S.W.2d at 876B77 (AA bailor entrusts, for what he entrusts is his.  But a vendor does not entrust; he sells his
chattel.@).         








Triple R=s conflicting deemed admissions at a minimum create a fact issue
regarding ownership and control of the vehicle; the admissions establish both
that Triple R sold the vehicle to Mr. Davis before the accident and that Triple
R negligently entrusted the vehicle to him, and they do not establish that
Triple R retained ownership or control over the vehicle.[3]  See id.  Thus, based on the conflicting nature of the
deemed admissions in this case, we cannot uphold the summary judgment for
FWTA.  We hold that the summary judgment
evidence does not conclusively establish as a matter of law Triple R=s liability for negligent entrustment. 
See Garcia, 108 S.W.3d at 466; Surber, 248 S.W.3d at
261.  Consequently, we sustain Triple R=s sole issue.

We reverse the trial court=s judgment and remand the case for further proceedings consistent with
this opinion.  

 

SUE WALKER

JUSTICE

 

PANEL:
CAYCE, C.J.; WALKER and MCCOY, JJ.

 

DELIVERED:
January 22, 2009











[1]See Tex.
R. App. P. 47.4.





[2]Triple
R filed a short, three-paragraph response to FWTA=s
motion for summary judgment and attached two documents.  One purports to be an affidavit but is not
signed by anyone, and the other is a copy of the untimely answered and filed
request for admissions. 





[3]FWTA
contends that its amended petition specifically alleges that ATriple
R was >the
owner, consignee and or possessor= of the vehicle . . . at all
times relevant thereto,@ but
the cited portions of the petition assert that Triple R was Athe
owner, consignee and or possessor of the vehicle@ on
January 2, 2006 and that Aon
said date same was sold by@ Triple R to Mr. Davis.