

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00185-CV

---

STANWYN J. CARTER                                                    APPELLANT

V.

TAMMIE J. PERRY                                                        APPELLEE

----------

FROM THE 431ST DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 2013-70906-431

----------

## DISSENTING MEMORANDUM OPINION[1]

----------

I respectfully dissent and would not follow the holding of our sister court in *CEBI Metal Sanayi Ve Ticaret A.S. v. Garcia*, 108 S.W.3d 464, 466 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Likewise, I am not persuaded by Robert K. Wise et al., *A Guide to Properly Using and Responding to Requests for Admission Under the Texas Discovery Rules*, 45 St. Mary's L.J. 655, 668 (2014),

---

[1]*See* Tex. R. App. P. 47.4.

which cites only to one case—*CEBI*—to support its conclusion that mirror-image admissions "are useless because they create a fact issue." To the extent that this court in *Luke v. Unifund CCR Partners*, No. 02-06-00444-CV, 2007 WL 2460327, at \*2–4 (Tex. App.—Fort Worth Aug. 31, 2007, no pet.) (mem. op.), cited to *CEBI* to support its holding that the deemed admissions in that case precluded summary judgment because conflicting admissions raised material fact issues, the facts of *Luke* are distinguishable from the facts of this case. In *Luke*, the conflicting admissions in question were not mirror-image questions but were admissions properly used *against* the nonmoving party on the issue of liability that raised a fact issue only as to the exact amount owed.[2]

Answers to requests for admissions and deemed admissions are admissible only *against* the party to whom the requests for admissions were addressed. *See Americana Motel, Inc. v. Johnson*, 610 S.W.2d 143, 143 (Tex. 1980) (holding that a party cannot use its own denials to requests for admissions to raise a fact issue to preclude summary judgment); *Schulz v. State Farm Mut. Auto. Ins.*, 930 S.W.2d 872, 876 (Tex. App.—Houston [1st Dist.] 1996, no writ) (holding that "[a]nswers to interrogatories and discovery responses may only be used *against* the party who answered them," and a party's "reliance upon . . . the

---

[2]Admission 11 admitted that Appellant "presently owes" Appellee the amount of $23,596.60. *Luke*, 2007 WL 2460327, at \*3. But Admission 12 admitted that an attached statement accurately stated the amount of money that Appellant "owes" to Appellee, and the statement indicated that Appellant owed $22,938.87. *Id.* at \*3–4. The trial court awarded $22,938.87 "without explanation." *Id.* at \*5.

answers she provided to discovery . . . did not provide competent summary judgment evidence") (emphasis added).

The majority is correct that the deemed admissions in this case conclusively proved that (1) Carter entered into a contract with Perry under which he agreed to pay Perry $121,864.25; (2) Carter signed a promissory note reflecting this obligation owed to Perry; (3) the note attached to the requests was a true and correct copy of the note Carter signed; (4) Perry performed all of her obligations under the note; (5) Carter failed to pay the principal amount owed; (6) Carter's failure to pay was a breach of the terms of the note; (7) because of his breach, Carter owed Perry $121,864.25; and (8) Perry's claims were not barred by any affirmative defenses. But because Carter may not use his own self-serving responses to Perry's request for admissions—or, as in this case, the failure to respond resulting in deemed "admissions"—as evidence at trial or summary judgment, I respectfully disagree with the majority's holding that the converse of some of the above facts were also conclusively established through other deemed admissions.

I would affirm.

/s/ Bonnie Sudderth

BONNIE SUDDERTH
JUSTICE

DELIVERED: July 9, 2015

3