**HANH H. DUONG and Duong & Associates, P.L.L.C., Appellants,**

v.

**BANK ONE, N.A. and Angie Nguyen, Appellees.**

No. 2–04–048–CV.

Court of Appeals of Texas, Fort Worth.

April 7, 2005.

Rehearing and En Banc Consideration Overruled June 23, 2005.

Mark J. Carroll, Dallas, for appellants.

Jackson Walker, L.L.P., William R. Jenkins, David D. Rapp, Fort Worth, for appellees.

PANEL B: LIVINGSTON, GARDNER, and McCOY, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

This case involves the application of section 3.405 of the Texas Uniform Commercial Code. TEX. BUS. & COM.CODE ANN. § 3.405 (Vernon 2002). In one issue, ap-

pellants Hanh H. Duong (Hanh) and Duong & Associates, P.L.L.C. (Duong) contend that the trial court erred in granting summary judgment for appellees Bank One, N.A. and Angie Nguyen on appellants' conversion, negligence, and fraud claims. Because we hold that Bank One and Nguyen did not prove the "faithless employee" defense [1] under section 3.405 as a matter of law with respect to all of the instruments at issue, we affirm the summary judgment in favor of Bank One and Nguyen only in part and reverse and remand the remainder of the case for trial.

## Background Facts

Appellants sued a former employee, Prince Dao, for fraudulently indorsing twenty-eight checks made payable to appellants and clients—and one check drawn on Duong's account and made payable to a third party, Spinal Care Clinic—and depositing them into an account at Bank One. Appellants also sued Bank One and Nguyen, a Bank One assistant branch manager, for accepting the checks and depositing them into the account that Dao had opened with Bank One in the name "Law Office Legal and Translation Services."

Bank One and Nguyen served requests for admissions on appellants, one of which asked appellants to admit the following: "Prince Dao had authority to supply information determining the names or addresses of payees of instruments to be issued in your name." Appellants replied as follows: "Plaintiffs are unable to comply with the discovery request because the phrase 'supply information determining' is vague, not defined, and left to interpretation. Subject to and without waiving the foregoing, admitted." Bank One and Nguyen moved for summary judgment claiming that they had proven as a matter of law the faithless employee defense available under section 3.405 of the Texas Business and Commerce Code. That defense precludes an employer from recovering against a bank for the conversion of instruments fraudulently indorsed by an employee of the employer who has been entrusted with responsibility as to those instruments. *See* TEX. BUS. & COM.CODE ANN. § 3.405. The trial court granted the summary judgment and severed appellants' claims against Bank One and Nguyen from their claims against Dao, thus rendering the summary judgment final.

On appeal, appellants contend that Bank One and Nguyen did not prove the defense as a matter of law because there is no evidence in the record that Dao had been entrusted with responsibility regarding the checks as required by section 3.405 and that section 3.405(a)(3)(iv) applies only to checks issued in Duong's name and not the checks in which appellants and clients were named as the payees.

## Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *S.W. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex.2002); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *S.W. Elec. Power Co.*, 73 S.W.3d at 215; *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997); *Great Am.*

1. Former version also referred to as the "padded payroll rule." *See Tex. Stadium Corp. v.*

*Sav. of Am.*, 933 S.W.2d 616, 622 (Tex.App.-Dallas 1996, writ denied).

*Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great Am.,* 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and the evidence favorable to the nonmovant is accepted as true. *Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 173 (Tex.1995). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am.,* 391 S.W.2d at 47.

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *Clear Creek Basin,* 589 S.W.2d at 678.

### Section 3.405

Section 3.405(b) provides as follows:

For the purpose of determining the rights and liabilities of a person who, in good faith, pays an instrument or takes it for value or for collection, if an employer entrusted an employee with responsibility with respect to the instrument and the employee or a person acting in concert with the employee makes a fraudulent indorsement of the instrument, the indorsement is effective as the indorsement of the person to whom the instrument is payable if it is made in the name of that person. If the person paying the instrument or taking it for value or for collection fails to exercise ordinary care in paying or taking the instrument and that failure contributes to loss resulting from the fraud, the person bearing the loss may recover from the person failing to exercise ordinary care to the extent the failure to exercise ordinary care contributed to the loss.

TEX. BUS. & COM.CODE ANN. § 3.405(b). "Responsibility" is defined as

authority (i) to sign or indorse instruments on behalf of the employer, (ii) to process instruments received by the employer for bookkeeping purposes, for deposit to an account, or for other disposition, (iii) to prepare or process instruments for issue in the name of the employer, (iv) to supply information determining the names or addresses of payees of instruments to be issued in the name of the employer, (v) to control the disposition of instruments to be issued in the name of the employer, or (vi) to act otherwise with respect to instruments in a responsible capacity. "Responsibility" does not include authority that merely allows an employee to have access to instruments or blank or incomplete instrument forms that are being stored or transported or are part of incoming or outgoing mail, or similar access.

*Id.* § 3.405(a)(3).

Section 3.405 adopts a system of comparative negligence between an employer who grants an employee responsibility with respect to an instrument and a bank. *See S.W. Bank v. Info. Support Concepts, Inc.,* 149 S.W.3d 104, 107–08 (Tex.2004). The initial risk of loss in this situation is on the employer "based on the belief that the employer is in a far better position to avoid the loss by care in choosing employees, in supervising them, and in adopting other measures to prevent forged indorsements on instruments payable to the employer or fraud in the issuance of instruments in the name of the employer." TEX. BUS. & COM.CODE ANN. § 3.405 cmt. 1; *S.W. Bank,* 149 S.W.3d at 108. But such an employer can shift part of the responsibility to a bank to the extent it can prove that

the bank's failure to exercise ordinary care contributed to the employer's loss. *See* TEX. BUS. & COM.CODE ANN. § 3.405 cmt. 1; *S.W. Bank,* 149 S.W.3d at 108.

## Admissibility of Requests for Admission

■ Appellants argue that there is no evidence Dao was entrusted with responsibility as to any of the checks. The only evidence in the summary judgment record arguably showing that Dao had responsibility as to any of the instruments consists of Dao's and appellants' answers to requests for admissions propounded by Bank One and Nguyen. While Dao admitted in his responses that he had been entrusted with responsibility as to instruments payable to and issued in Duong's name, his admissions may not be used as summary judgment evidence against another party, i.e., appellants. *See* TEX.R. CIV. P. 198.3; *Hartman v. Trio Transp., Inc.,* 937 S.W.2d 575, 578 (Tex.App.-Texarkana 1996, writ denied). Thus, Dao's answers do not prove the faithless employee defense under section 3.405 as a matter of law.

■ As to appellants' answer to request for admission number 6, appellants contend that their response to that request is not admissible because it is unduly vague and it constitutes a legal conclusion. They further claim that the trial court abused its discretion by denying their request to withdraw the qualified admission and substitute a denial.

We do not believe that request number 6 is unduly vague. It tracks the language of the statute, which is further clarified by commentary. Comment 3 even sets forth an example of a situation in which an employee "supplies information" as to the payees of checks to be issued by the employer. TEX. BUS. & COM.CODE ANN. § 3.405 cmt. 3. Additionally, appellants objected to several other of the requests as vague, but instead of providing a qualified admission or denial to those requests, they provided no answer at all.

■ We also do not believe that the admission constitutes a legal conclusion. Answers constituting admissions of law are not binding on a court. *Esparza v. Diaz,* 802 S.W.2d 772, 775 (Tex.App.-Houston [14th Dist.] 1990, no writ). But a request for admission may properly ask a party to apply the law to a set of facts. *See* TEX.R. CIV. P. 198.1; *Fort Bend Cent. Appraisal Dist. v. Hines Wholesale Nurseries,* 844 S.W.2d 857, 858 (Tex.App.-Texarkana 1992, writ denied). Answers to these types of requests are competent summary judgment evidence. *See Laycox v. Jaroma, Inc.,* 709 S.W.2d 2, 4 (Tex.App.-Corpus Christi 1986, writ ref'd n.r.e.).

Here, request number 6 asked appellants if Dao had authority to "supply information determining the names or addresses of payees of instruments to be issued in [Duong's] name." Although the language of the request tracks the language used in the statute, the inquiry itself is factual: the request asks whether or not the facts of the case fit the definition of one of the types of responsibility set forth in the statute. Once established, the fact that an employee has responsibility with respect to certain instruments may have legal implications—i.e., it may establish the section 3.405 faithless employee defense with respect to the instruments with which the employee is entrusted with responsibility—but whether an employee actually has responsibility remains a question of fact. Although the phrase "supply information determining the names or addresses of payees" may mean something different to each of the parties, that does not change the factual nature of the inquiry. Thus, appellants' admission was factual in nature and could properly be considered by the

trial court as summary judgment evidence. *See Laycox,* 709 S.W.2d at 4.

■ Appellants further contend that the trial court abused its discretion by denying their request to substitute a denial for the qualified admission to request number 6. A party may substitute a new response to a request for admission by showing (1) good cause for the substitution, (2) that the party relying on the response will not be unduly prejudiced, and (3) that the presentation of the merits of the action will be preserved. *Stelly v. Papania,* 927 S.W.2d 620, 621 (Tex.1996). A party can establish good cause by showing that its answer was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. *Id.*

■ In their response to Bank One and Nguyen's motion for summary judgment and in Hanh's affidavit attached as evidence, appellants contended that Hanh was confused about the scope of the request and that she thought appellants must admit it because Dao had been entrusted with responsibility to open mail and give Hanh any bills that needed to be paid. But summary judgment pleadings are not evidence, *see Wilson v. Burford,* 904 S.W.2d 628, 629 (Tex.1995), and the trial court struck the portion of Hanh's affidavit that appellants rely on. On appeal, appellants do not challenge the trial court's ruling striking portions of Hanh's affidavit. Thus, appellants did not present any evidence of good cause upon which the trial court could rely to strike the admission to request number 6. Even if they had, however, the trial court was within its discretion to determine that appellants had not shown good cause to substitute a denial for their admission because appellants denied the other requests propounded by Bank One and Nguyen that track the language of section 3.405(a), and section 3.405(a)(3) clearly provides that an employ-

ee is not entrusted with responsibility if he has access to instruments only through the mail. TEX. BUS. & COM.CODE ANN. § 3.405(a)(3). Accordingly, we do not believe appellants have shown that the trial court abused its discretion in denying their request to substitute a denial for their admission to request number 6.

Based on the foregoing, we further conclude that appellants have not shown that the trial court impermissibly considered their admission to request number 6 as summary judgment evidence.

### Scope of Section 3.405(a)(3)(iv)

Appellants argue further that even if their admission constitutes competent summary judgment evidence, summary judgment was not proper as to all of the checks because the admission supports the conclusion that Dao was entrusted with responsibility as to only one of the checks: the check to Spinal Care Clinic drawn on Duong's account. Bank One and Nguyen respond that appellants' admission that Dao had responsibility with respect to one check (i.e., that he had authority "to supply information determining the names or addresses of payees of instruments to be issued" in Duong's name) means that appellants are precluded as a matter of law from recovering against Bank One and Nguyen with respect to the remainder of the checks, which were issued by third parties payable to appellants and clients. We disagree.

■ The plain language of section 3.405(b) applies to an instrument only if the "employer entrusted [the] employee with responsibility *with respect to the instrument.*" TEX. BUS. & COMM.CODE ANN. § 3.405(b) (emphasis added). And comment 1 makes it clear that there is a difference between instruments payable to the employer and instruments issued in

the name of the employer. *Id.* § 3.405(a)(3)(iv) & cmt. 1. Thus, appellants' admission proves only that Dao had responsibility with respect to the check that was issued in Duong's name to Spinal Care Clinic. Therefore, summary judgment was proper with respect to that check only and not with respect to the remaining checks, which were made payable to appellants and others, not issued in Duong's name.

■ Bank One and Nguyen contend that a recent Alabama case that interprets the same provision dictates a different result. Although we are not bound by precedent from other jurisdictions, we must construe provisions of the Texas Uniform Commercial Code so as "to make uniform the law among the various jurisdictions." Tex. Bus. & Com.Code Ann. § 1.103(a)(3) (Vernon Supp.2004–05); *see also* Tex. Gov't Code Ann. § 311.028 (Vernon 2005) (providing that "[a] uniform act included in a code shall be construed to effect its general purpose to make uniform the law of those states that enact it").

In *Smith v. AmSouth Bank, Inc.,* Smith's employee Utsey was hired to buy and sell vehicles on Smith's behalf for Smith's business, Specialty Motor Cars. 892 So.2d 905, 907 (Ala.2004). In furtherance of this purpose, Utsey had the authority to receive, indorse, and deposit checks in Smith's account. *Id.* Utsey formed a corporation, then opened a bank account for the corporation in the name of the corporation doing business as "Specialty Motor Cars." *Id.*

In response to Smith's argument that he had not entrusted Utsey with responsibility because Utsey had "very limited authority concerning checking account matters," the Alabama supreme court held that "the language in [the] definition does not require that some preponderance of [the six] factors be present, but, by the use of 'or'

as the connector, states that any one of the listed factors will suffice." *Id.* at 911. The court further stated that the evidence showed that Smith's employee could "on at least some occasions" sign or indorse instruments on Smith's behalf and "had authority to 'process' ... instruments 'for deposit to an account.'" *Id.* Therefore, he "most likely could 'act ... with respect to instruments in a responsible capacity.'" *Id.*

In *Smith,* the type of responsibility entrusted to the employee was directly correlated to the employee's fraudulent acts; in other words, Utsey was able to perpetrate the fraud because Smith gave him general authority to sign, indorse, and process checks payable to Smith's business. *Id.* at 907, 911. Here, the only evidence regarding Dao's employment is the following: he was hired to "intake" new clients; "[h]is principal duty was to answer the phone, acquire relevant information from prospective clients calling in response to local advertising, and then provide that information to [Hanh] for review and appropriate action"; "he was responsible for opening the mail delivered to [Hanh's] Arlington [o]ffice and giv[ing] it to [Hanh] as would any receptionist or mail room clerk"; and, as admitted by appellants, he had authority to supply information regarding the names or addresses of payees of instruments to be issued in Duong's name. That Dao had the authority to supply such information does not show that he had any authority with respect to instruments payable to appellants; the only evidence regarding his duties with respect to those types of instruments is that he was entrusted to open the mail, which section 3.405(a) provides does not constitute "responsibility" under the statute. Tex. Bus. & Com.Code Ann. § 3.405(a)(3). Nor does it show that he had the authority to "act otherwise ... in a responsible capacity"

with respect to those instruments. *Id.* § 3.405(a)(3)(vi).

Because we have determined that the evidence does not support the conclusion that appellants entrusted Dao with responsibility as to instruments payable to appellants, we hold that the trial court erred in granting summary judgment as to those checks.

**No Evidence of Lack of Ordinary Care**

Appellants' final claim is that the bank is not entitled to summary judgment as to the Spinal Care Clinic check[2] because the bank did not prove that it used ordinary care in handling the check. But as we have previously explained, section 3.405 creates a comparative negligence scheme. *S.W. Bank,* 149 S.W.3d at 107–08. As explained in *Southwest Bank,*

> The loss allocation provisions essentially "make an initial identification of the party upon whom loss generally should be imposed, based upon the particular type of factual circumstances, but then allow that party to shift at least part of that loss to other parties who contributed to that loss by their failure to exercise ordinary care."

*Id.* at 108 (quoting Donald J. Rapson, *Loss Allocation in Forgery and Fraud Cases: Significant Changes Under Revised Articles 3 and 4,* 42 ALA. L.REV. 435, 473 (1991)). Thus, once Bank One and Nguyen presented summary judgment evidence proving their entitlement to the faithless employee defense under section 3.405 as to the Spinal Care Clinic check, the burden shifted to appellants to present evidence raising a fact issue as to whether Bank One and Nguyen failed to exercise ordinary care with respect to the check. They did not; the portion of Hanh's affidavit in which she claims the bank failed to exercise ordinary care regarding the fraudulent indorsements relates to the checks issued by third parties to appellants. We therefore conclude that the trial court did not err in granting summary judgment in favor of Bank One and Nguyen with respect to the Spinal Care Clinic check.

**Conclusion**

Having determined that the trial court erred in granting summary judgment in favor of Bank One and Nguyen as to all but one of the checks, we sustain appellants' sole issue in part, but overrule it as to the check issued on Duong's account to Spinal Care Clinic. We affirm the summary judgment as to that check. We reverse the summary judgment as to the remaining checks and remand that part of the case for trial.

---

2. Appellants' brief raises this subissue as to all of the checks, but because we have determined that the trial court erred in granting summary judgment as to the checks payable to appellants (rather than the one check drawn on Duong's account and made payable to Spinal Care Clinic, a third party), we address this issue with respect to that check only.