COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-06-444-CV

 

 

DENI L. LUKE                                                                      APPELLANT

 

                                                   V.

 

UNIFUND CCR PARTNERS                                                        APPELLEE

 

                                              ------------

 

          FROM
COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Deni L. Luke
appeals the trial court=s grant of
summary judgment in favor of appellee Unifund CCR Partners.  We reverse and remand.

BACKGROUND








Appellee sued Appellant in
2005 for default in payment on her credit card account (the AAccount@), which it
claimed to have acquired from Appellant=s previous creditor.  It
contended that Appellant=s default
breached the account agreement such that the Account=s total balance of $23,596.60 was due, that Appellee made a timely
demand for Appellant to pay the amount due, and that Appellant failed to do so.








Appellee included requests
for admissions and for disclosures in its petition.[2]  Appellant did not respond to this request for
admissions.[3]  She filed a general denial.[4]  Appellee moved for summary judgment and
attached various affidavits and other documentation to support its motion.  In her late-filed response, Appellant
objected to some of Appellee=s evidence and contended that Appellee was not entitled to summary
judgment on its contract, account stated, or quantum meruit claims, or to
attorney=s fees,[5]
but she did not file a motion to withdraw or amend the admissions deemed
admitted from Appellee=s
petition.  See Tex. R. Civ. P. 198.3.  The trial court granted summary judgment,
awarding Appellee $22,938.87 as the Aprincipal amount awarded,@ Ainterest on
principal awarded@ of 29.74%,
attorney=s fees of $3,500, and conditional attorney=s fees of $3,500.00.

SUMMARY JUDGMENT

In a single issue, Appellant
argues that the trial court erred by granting summary judgment for Appellee,
complaining that Appellee was not entitled to summary judgment based on the
deemed admissions and that the trial court erred by overruling her objections
to the Angela Freckman and Kim Kenney affidavits.  She also contends that the affidavit
submitted by Sandra Rogers was substantively defective and that Appellee was
not entitled to summary judgment based on the theories in its petition, nor was
Appellee entitled to attorney=s fees. 

Standard Of
Review








In a summary judgment case,
the issue on appeal is whether the movant met the summary judgment burden by
establishing that no genuine issue of material fact exists and that the movant
is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all
doubts about the existence of a genuine issue of material fact are resolved
against the movant.  Sw. Elec. Power
Co., 73 S.W.3d at 215.

A plaintiff is entitled to
summary judgment on a cause of action if it conclusively proves all essential
elements of the claim.  See Tex. R. Civ. P. 166a(a), (c); MMP,
Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986).  When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant=s favor.  IHS Cedars Treatment
Ctr. of Desoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004).  Evidence that favors the movant=s position will not be considered unless it is uncontroverted.  Great Am. Reserve Ins. Co. v. San Antonio
Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).

Deemed
Admissions








When a party fails to answer
a request for admissions, the matters therein are deemed admitted.  Tex. R.
Civ. P. 198.2(c).  Such admissions
are Aconclusively established as to the party making the admission unless
the court permits the party to withdraw or amend the admission.@  Tex. R. Civ. P. 198.3. 
The court may permit a party to withdraw deemed admissions if the party
shows good cause for the withdrawal and the court finds that the parties
relying on the admissions will not be unduly prejudiced and the presentation of
the merits of the action will be subserved by the withdrawal.  Id. 
Appellant never filed a motion to withdraw or to amend the deemed
admissions in Appellee=s first
request for admissions.

Admissions of fact on file at
the time of a summary judgment hearing are proper summary judgment proof and
thus will support a motion for summary judgment.  Tex.
R. Civ. P. 166a(c); See Acevedo v. Comm=n For Lawyer Discipline, 131 S.W.3d
99, 105 (Tex. App.CSan Antonio
2004, pet. denied); CEBI Metal Sanayi Ve Ticaret A.S. v. Garcia, 108
S.W.3d 464, 466 (Tex. App.CHouston [14th Dist.] 2003, no pet.). 
While answers constituting admissions of law are not binding on a court,
a request for admission may properly ask a party to apply the law to a set of
facts.  See Tex. R. Civ. P. 198.1; Duong v. Bank
One, N.A., 169 S.W.3d 246, 251 (Tex. App.CFort Worth 2005, no pet.). 
Answers to these types of requests are competent summary judgment
evidence.  See Duong, 169 S.W.3d
at 251.













Appellant contends that her
responses to Appellee=s second
request for admissions, attached as an exhibit to Appellee=s motion for summary judgment, effectively negated Appellee=s ability to rely on the deemed admissions from Appellee=s first request for admissions.[6]  We disagree. 
We have held that admissions, once made or deemed by the court, may not
be contradicted by any evidence, whether in the form of live testimony or
summary judgment affidavits.  See
Smith v. Home Indem. Co., 683 S.W.2d 559, 562 (Tex. App.CFort Worth 1985, no writ). 
Denials to requests for admissions are not summary judgment
evidence.  Americana Motel, Inc. v.
Johnson, 610 S.W.2d 143, 143 (Tex. 1980); Denton Constr. Co. v. Mike=s Elec. Co., 621 S.W.2d 846, 848 (Tex.
App.CFort Worth 1981, writ ref=d n.r.e.).  When an answering
party denies or refuses to make an admission of fact, such refusal is nothing
more than a refusal to admit a fact; it is not evidence of any fact except the
fact of refusal.  See Newman v. Utica
Nat. Ins. Co. of Tex., 868 S.W.2d 5, 8 (Tex. App.CHouston [1st Dist.] 1993, writ denied); Am. Commc=n Telecomm., Inc. v. Commerce N. Bank, 691 S.W.2d 44, 48 (Tex. App.CSan Antonio 1985, writ ref=d n.r.e.); Carbonit Houston, Inc. v. Exchange Bank, 628 S.W.2d
826, 829 (Tex. App.CHouston
[14th Dist.] 1982, writ ref=d n.r.e.).








Appellant, although
represented by counsel, ignored Appellee=s first request for admissions and they went unanswered, without a
motion to extend time for answering, or any other limiting motion, right
through the summary judgment hearing. 
Neither did Appellant ever move the court to withdraw or amend the
admissions.  Therefore, those statements
in the first request for admissions were deemed admitted.  See
Tex. R. Civ. P. 198.  Having
already admitted the twenty-nine statements contained in the first request for
admissions by failing to respond, Appellant=s subsequent denials in the second request for admissions containing
sixty-one statements, even though some were the same or similar to the initial
request for admissions, had no effect on her original admissions.  See Newman, 868 S.W.2d at 8; cf.
Wheeler v. Green, 157 S.W.3d 439, 441-42, 444 (Tex. 2005) (holding that,
when nothing in the record suggested that pro se mother realized that she
needed to move to withdraw deemed admissions before trial court granted summary
judgment in suit to modify her child=s managing conservatorship, the trial court should have granted a new
trial and allowed the deemed admissions to be withdrawn when her responses to
the request for admissions were two days late). 
We overrule this portion of Appellant=s sole issue.

Material Facts

The first request for
admissions stated the following: 

(1) [Appellee] (or [Appellee=s]
predecessor) offered an extension of credit to [Appellant] in exchange for
[Appellant=s]
promise to repay money lent.        

 

(2)
Based on [Appellant=s]
request, [Appellee] (or [Appellee=s] predecessor) opened the
account.

 

(3)
[Appellee] is the owner of the indebtedness on the account.

 

(4)
[Appellee] (or [Appellee=s]
predecessor in interest) and [Appellant] entered into an agreement to create a
charge agreement for credit.

 

(5)
[Appellant] has understood from the time the account was opened that [Appellee=s]
predecessor in interest made a loan on behalf of [Appellant] for the amount
requested.

 

(6)
[Appellant] has understood from the time the account was opened that
[Appellant] is required and obligated to repay all charges or fees incurred on
the account.

 

(7)
[Appellant] purchased goods and services and/or services using the credit
provided by [Appellee=s]
predecessor in interest.

 

(8)
[Appellant] made payments on the account.

 

(9)
After the account was opened, [Appellant] received monthly statements showing
the remaining balance on the account, along with the minimum monthly payment
required.

 








(10)
Since the account was opened, [Appellant] has not notified [Appellee] (or
[Appellee=s]
predecessor in interest) of a dispute or error regarding any information
contained in a monthly statement.

 

(11)
[Appellant] presently owes [Appellee] the amount of $23,596.60.

 

(12)
The attached statement accurately states the amount of money that [Appellant]
owes to [Appellee] on the account

 

(13)
[Appellant] has breached [Appellant=s] contract with [Appellee]
(or [Appellee=s]
predecessor in interest).

 

(14) [Appellant=s]
breach has damaged [Appellee] in the amount of $23,596.60.   

 

(15)
[Appellee] made demand on [Appellant] before filing suit, for payment of the
outstanding balance due at that time.

 

(16)
You received a demand letter from [Appellee] or [Appellee=s]
predecessor in interest or [Appellee=s] attorneys for payment of
the account.

 

(17)
At no time prior to the filing of this suit did [Appellant] or [Appellant=s]
representative request verification of the debt from [Appellee] or its agents.

 

(18)
At no time prior to the filing of this suit did [Appellant] or [Appellant=s]
representative dispute the debt owing on the account.

 

(19)
[Appellant] is not a member of any military service with assignments or orders
that would give [Appellant] a right to delay under the law.

 

(20)
[Appellant] has no defense to this suit, and judgment should be granted as
prayed for.

 

(21)
At least [sic] should be awarded to [Appellee] as attorney=s
fees in this suit.








(22)
The contractual interest rate of at least 18% per year was agreed to by
[Appellee] and [Appellant].

 

(23)
The AUnifund
Statement@
attached hereto is a true and correct copy of the business record maintained by
[Appellee].

 

(24)
The account summary statement attached hereto is a true and correct copy of the
business record maintained by [Appellee].

 

(25)
By the terms of the agreement, [Appellee] is entitled to charge [Appellant]
late fees if [Appellant=s]
monthly payments are late.

 

(26)
The collection of any fees, charges, or expenses is expressly authorized by [Appellant=s]
agreement with [Appellee] (or [Appellee=s] predecessor).

 

(27)
[Appellee] and [Appellee=s]
predecessor in interest ha[ve] applied all just and lawful offsets to the
account.

 

(28)
If [Appellant] or [Appellant=s] representatives requested
verification of the debt from [Appellee], [Appellee] verified the debt prior to
filing this lawsuit.

 

(29)
[Appellee] or [Appellee=s]
predecessor in interest performed the terms, conditions and actions required
under and described in the [Appellant=s] agreement with [Appellee].

 

Attached to Appellee=s petition, along with an affidavit by Kim Kenney, is a document
titled AUNIFUND STATEMENT,@ stating the Account=s number and the Account=s balance, $22,938.87, as of August 8, 2005.  The Unifund Statement also includes the
following information:








Citibank
(South Dakota) National Association=s account was issued under
the name of Citibank Universal Card Svcs. 
Unifund CCR Partners purchased this account from Citibank (South Dakota)
National Association. . . . This communication is from a debt collector.  Federal law requires us to inform you that
this is an attempt to collect a debt and any information obtained will be used
for that purpose.

 

Appellee filed its petition on October 20, 2005.








The admissions and the
Unifund Statement, acknowledged as true and correct in Admissions 23 and 24,
establish the following facts: that Appellant had a contract with a credit card
company with a contractual interest rate of at least 18% per year, that she ran
up a sizable debt by purchasing goods and services with the credit card, and
that she was aware she would have to repay the amount spent; that Appellant did
make payments on the Account, received monthly statements showing the remaining
balance on the Account and required minimum payment, and never notified
Appellee or Citibank of a dispute or error regarding the information in the
monthly statement (Admissions 1, 2, 4, 5, 6, 7, 8, 9, 10, 22); that Appellant
breached her contract with Appellee or Appellee=s predecessor in interest, the credit card company (Admission 13);
that Appellee acquired the credit card company=s interest in Appellant=s debt, and that Appellee made a demand on Appellant prior to filing
suit for payment of that debt for damages in the amount of $23,596.60
(Admissions 3, 14, 15, 16).  Appellant
also admitted that she was not in the military and had no other defense to the
suit, such that Ajudgment
should be granted as prayed for@ (Admissions 19, 20).[7]









However, the admissions also
create some fact issues.  Admissions 17
and 28 appear to contradict each other, stating both that Appellant never
requested verification of the debt prior to the filing of the suit and that if
Appellant requested verification, Appellee verified the debt prior to filing
the suit.  More importantly, Admissions
11 and 12 also contradict each other, in that Admission 11 admits that
Appellant Apresently
owes@ Appellee the amount of $23,596.60 but Admission 12 admits that the
attached statement accurately states the amount of money that Appellant Aowes@ to Appellee
and that statement indicates that Appellant owes $22,938.87.  There is nothing in these admissions to
account for interest accrued; on their face, both written in present tense,
they merely present differing amounts. 
Admission 14 states that Appellant=s breach damaged Appellee in the amount of $23,596.60, the amount
Appellee pled in the body of its petition. 
Based on Admission 14, this is the amount of damages to which Appellee
is entitled; however, the trial court awarded only $22,938.87, without
explanation.

The court in Garcia
faced a similar situation with regard to contradictory admissions.  108 S.W.3d at 466.  There, each of Garcia=s requests for admissions was paired with its opposite, conclusively
establishing every proposition and its opposite.  Id. 
The court held that when all of the requests for admissions were deemed
admitted, they created fact questions rather than resolving them, that
Garcia could not avoid the conflict by relying on only half of his requests,
and that summary judgment could not be sustained based on those requests or the
remaining evidence submitted in support of his motion.  Id. at 466-67.  The conflicting admissions in this case pose
the same dilemma. We therefore review the remainder of Appellee=s evidence to determine whether there is sufficient evidence in the
record to support the trial court=s award of $22,938.87 rather than the amount of damages in Admission
14, and for its award of 29.74% interest.[8]

Affidavits








In her response to Appellee=s motion for summary judgment, Appellant made objections to the
Freckman and Kenney affidavits, but not to the Rogers affidavit.  On appeal, Appellant argues that all three
affidavits suffer from defects of substance. 
See Brown v. Brown, 145 S.W.3d 745, 751 (Tex. App.CDallas 2004, pet. denied); Green v. Indust. Speciality Contractors,
Inc., 1 S.W.3d 126, 130 (Tex. App.CHouston [1st Dist.] 1999, no pet.).

Freckman=s And Rogers= Affidavits

Assuming, without deciding,
that the Freckman and Rogers affidavits did constitute competent summary
judgment evidence, there was not sufficient support in these affidavits for the
trial court to award $22,938.87 or to award interest of 29.74%.








Freckman=s affidavit incorporated Exhibit D by reference.  Freckman stated that Exhibit D was Aa true and correct copy of the Citibank Card Agreement, . . . the
written contract entered into by [Appellant] with the original creditor for use
of the Account.@  In spite of some glaring defects in
admissibility,[9]
we note that even if Exhibit D were admissible, it would not solve the interest
rate issue because although Exhibit D does contain the interest rate that a
cardholder in default would be required to pay, the interest rate it lists is
23.9% per year, not 29.74%.[10]  Freckman asserted in her affidavit that the Atotal amount due on the Account@ at the time she filed her affidavit, August 10, 2006, was $14,162.08;
she did mention interest, but not the rate at which it should be charged.








Rogers, an employee of
Citicorp Credit Services, Inc. (CCSI), stated that Citibank (South Dakota) N.A.
(ACBSD@) and
Citibank USA, N.A. (ACBUSA@), pursuant to a Purchase and Sale Agreement with Appellee, sold
Appellant=s account to
Appellee on May 27, 2005, and that, at the time of the sale, Appellant owed
$14,162.08 on the Account.  There is no
information in Rogers= affidavit
about the amount of interest owed by Appellant or the rate at which it would be
calculated.

Kenney=s Affidavit

Appellant objected to Kenney=s affidavit on the basis of lack of personal knowledge and lack of
trustworthiness.  She specifically
complains about Kenney=s statement
with regard to the applicable rate of interest on the account.








Affidavits in support of
summary judgment must set forth such facts as would be admissible in evidence
at trial.  Tex. R. Civ. P. 166a(f); United Blood Servs. v. Longoria,
938 S.W.2d 29, 30 (Tex. 1997); Abe=s Colony Club, Inc. v. C&W Underwriters, Inc., 852 S.W.2d 86, 88 (Tex. App.CFort Worth 1993, writ denied). 
Affidavits are competent summary judgment evidence if they are made on
personal knowledge and show affirmatively that the affiant is competent to
testify to the matters stated therein.  See
Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984); Abe=s Colony Club, Inc., 852 S.W.2d at
88.  An affidavit that is conclusory is
substantively defective.  See Brown,
145 S.W.3d at 751.  A conclusory
statement is one that does not provide the underlying facts to support the
conclusion.  Trejo v. Laredo Nat'l
Bank, 185 S.W.3d 43, 50 (Tex. App.CSan Antonio 2005, no pet.); Brown, 145 S.W.3d at 751.  When an affidavit in a summary judgment
proceeding refers to other papers, sworn or certified copies of those papers
must be attached to the affidavit.  Tex. R. Civ. P. 166a(f); Brown,
145 S.W.3d at 752.  An affidavit is
substantively defective when the absence of the referenced papers from the
summary judgment evidence leaves the affidavit conclusory.  Brown, 145 S.W.3d at 752.

We review a trial court=s decision to admit summary judgment evidence under an abuse of
discretion standard.  Owens‑Corning
Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998); Longoria,
938 S.W.2d at 30.  The standards for the
admissibility of evidence in a summary judgment proceeding are the same as
those applicable to a regular trial.  Longoria,
938 S.W.2d at 30.  In an abuse of
discretion review, we consider whether the trial court acted arbitrarily or
unreasonably, or without reference to guiding rules and principles.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241‑42 (Tex. 1985), cert. denied, 476 U.S. 1159
(1986).

The Kenney affidavit, as argued
by Appellant, is substantively defective on its face.  Kenney stated in her affidavit, dated August
8, 2005, that she was Appellee=s Media Supervisor and authorized to make the statements and
representations in the affidavit.  The
pertinent portion of her affidavit states: 








There
is due and payable from [Appellant, Account], the amount of $22,938.87
(principal balance in the amount of $14162.08 plus interest up through
08/08/2005 in the amount of $8776.79).  By
the terms of the agreement between [Appellant] and the original creditor,
interest is accruing from the aforesaid date at the rate of 29.74 percent per
annum.  This balance reflects any
payments, credits, or offsets made since the account was charged off. [Emphasis
added.]

 

Kenney did not state the factual basis for these
statements or attach to her affidavit a certified or sworn copy of the
agreement between Appellant and the original creditor.  We hold that Kenney=s affidavit did not constitute proper summary judgment evidence
because of these substantive defects and that the trial court abused its
discretion by overruling Appellant=s objection to it.  See Tex. R. Civ. P. 166a(f); Trejo,
185 S.W.3d at 50; Brown, 145 S.W.3d at 751-52. 

Summary Of Evidence Of Damages








There is a genuine issue of
material fact with regard to the actual amount owed by Appellant: Admission 11
states that Appellant owes $23,596.60; Admission 12 indicates that Appellant
owes $22,938.87; Kenney=s affidavit,
which the trial court should not have properly considered, states that
Appellant owes $22,938.87; Freckman=s affidavit and Rogers= affidavit both state that Appellant owes $14,162.08.  There is also a genuine issue of material
fact with regard to the interest rate to be charged Appellant: other than
Kenney=s defective affidavit, there is no evidence, admissible or otherwise,
to support the 29.74% interest rate awarded in the summary judgment.  Therefore, resolving all doubts against
Appellee, we hold that it failed to meet its summary judgment burden on
damages.  See Tex. R. Civ. P. 166a(c); Sw. Elec.
Power Co., 73 S.W.3d at 215. 

Attorney=s Fees

Appellant also complains that
it was error for the trial court to award any attorney=s fees to Appellee.  The
fundamental rule is that a party cannot recover attorney=s fees from an opposing party unless the recovery is permitted by
statute or by agreement between the parties. 
Holland v. Wal‑Mart Stores, Inc., 1 S.W.3d 91, 95 (Tex.
1999).  Although Admission 21 (AAt least [sic] should be awarded to [Appellee] as attorney=s fees in this suit@) is an incomplete statement proving nothing, Appellee did request
reasonable attorney=s fees Apursuant to the terms of the agreement and the provisions of Chapter
38@ of the civil practice and remedies code.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 38.001 (Vernon 1997).  To
be entitled to attorney=s fees,
Appellee had to prevail on its summary judgment claim.  See Grace v. Duke, 54 S.W.3d 338, 344
(Tex. App.CAustin 2001,
pet. denied).  Appellee did establish by
admission that Appellant breached a contract and owed damages, but the fact
questions presented with regard to the actual amount of damages preclude
Appellee from prevailing on its claim on summary judgment and thus being
entitled, at this time, to attorney=s fees.  See Grace, 54
S.W.3d at 344.








CONCLUSION

We reverse the trial court=s judgment and remand this case to the trial court.

 

DIXON W. HOLMAN

JUSTICE

 

 

PANEL
A:  CAYCE, C.J.; HOLMAN and MCCOY, JJ.

 

DELIVERED:  August 31, 2007











[1]See Tex.
R. App. P. 47.4.





[2]The parties later signed a rule 11
agreement that withdrew Appellee=s requests for disclosure. 
See Tex. R. Civ. P.
11.





[3]Appellant did respond to Appellee=s second request for
admissions;  Appellee attached these
responses to its motion for summary judgment.





[4]Appellant also attempted to raise
the affirmative defenses of limitations and statute of frauds, asserted that
she had no contractual relationship with Appellee, and claimed that Appellee
had violated federal and Texas law in its attempt to collect the debt.  Appellant did not verify by affidavit her
contentions with regard to her denial that she executed any instrument in
writing upon which Appellee=s claims were based or with regard to her denial of indebtedness
to Appellee.  See Tex. R. Civ. P. 93(7), (10).





[5]At what would have otherwise been
the hearing on the motion for summary judgment, the trial court heard Appellant=s argument for allowing a
late-filed response and decided to allow it. 
The trial court announced that it would subsequently consider everything
on submission.





[6]To support her contentions,
Appellant relies on Marshall v. Vise, 767 S.W.2d 699 (Tex. 1989) and Houston
First Am. Sav. v. Musick, 650 S.W.2d 764 (Tex. 1983).  Marshall holds that a party relying
upon an opponent=s
pleadings as judicial admissions of fact must protect the record by
objecting at trial to the introduction of controverting evidence and to the
submission of any issue bearing on the facts admitted, or he waives the right
to rely on them.  767 S.W.2d at 700
(citing Musick, 650 S.W.2d at 769).

Our sister courts have
disputed whether Marshall is limited to trial situations.  Compare Acevedo, 131 S.W.3d at 105 n.3
(stating that a summary judgment hearing is considered a Atrial@ for purposes of amended pleadings
under Texas Rule of Civil Procedure 63; therefore, the court could Aconceive of no reason it would not
be considered a >trial= for purposes of the Marshall
rule@) with Beasley v. Burns, 7
S.W.3d 768, 770 (Tex. App.CTexarkana 1999, pet. denied) (stating that the Marshall
rule does not apply to summary judgment).





[7]Appellee prayed for Ajudgment for the amount due, with
interest@; for interest at the maximum rate
per annum allowed by law, whether contractual or statutory; for all costs of
court; for Areasonable attorney=s fees, with interest@; and all other relief to which it Amay be shown to be justly entitled.@ The amount sought in the petition
was $23,596.60.





[8]Appellee proved up through the
admissions that interest was at least 18% per year.





[9]For example, these defects include:
inaccurate use of the predicate language in rules 803(6) and 902(10);
failure to demonstrate that Freckman checked the accuracy of the records
Appellee acquired from its predecessor in interest; and the fact that the dates
of the component parts of the contract were at least three years prior to
acquisition by Appellee.  See Tex. R. Evid. 803(6), 902(10); Tex. R. Civ. P. 166a(f); Duncan
Dev., Inc. v. Haney, 634 S.W.2d 811, 812‑13 (Tex. 1982) (holding that
subcontractor=s
invoices became integral part of builder=s records where builder=s
employees=
regular responsibilities required them to verify subcontractors=
performance and accuracy of the invoices); Cockrell v. Republic Mortg. Ins.
Co., 817 S.W.2d 106, 112‑13 (Tex. App.CDallas
1991, no writ) (holding that verification by documents=
original owners was unnecessary when the persons with knowledge Aswore
that these records were kept in the regular course of their own business as a
mortgage insurer and formed the basis of its payment@ to
the company that actually generated the records); cf. Winchek v. American
Exp. Travel Related Servs. Co., No. 01‑06‑00392‑CV, 2007
WL 1440987, at *1, *4‑5, *7 (Tex. App.CHouston [1sDist.] May 17,
2007, no pet. h.) (holding that affidavit of credit card manager of operations
and custodian of records was sufficient to support attached credit card
agreement and billing statements). 





[10]The last page of the contract
attached to Freckman=s affidavit, titled ANotice of Changes in Terms to Your
Card Agreement,@ states that the cardholder=s annual percentage rate for
purchases as of July 1, 2002 was 9.74%.