

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-12-00318-CV

WILL WILLIAMS                                                                                                   APPELLANT

V.

AMERICA FIRST LLOYDS                                                                                    APPELLEE
INSURANCE

----------

FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Will Williams appeals the trial court's order granting the traditional and no-evidence motion for summary judgment filed by appellee America First Lloyds Insurance. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

**Background Facts**

In April 2012, appellant filed his original petition in the trial court against appellee to appeal from a decision of the Texas Department of Insurance's Division of Workers' Compensation (the Division), which had apparently assessed a zero percent impairment rating related to appellant's workplace injury. In the petition, appellant alleged that he had a permanent disability from an injury that he had suffered during his employment with Leo's Foods in June 2010;[2] that appellee was a workers' compensation insurance carrier; that one doctor had assessed his impairment rating from the injury at 19%; that another doctor, after ignoring "clear evidence," had assessed the impairment rating at 0%; and that in an administrative hearing, a hearing officer had erroneously concluded that that impairment rating was 0%.[3] Appellee answered the lawsuit with a general denial.

Both parties sought summary judgment. In appellant's motion, he restated some of the allegations from his petition, including that he had required surgeries

---

[2]Appellant asserted that he "suffered a severe injury while moving and assisting coworkers with stacks of crates weighing 443 pounds." He claimed that he had hernias that required multiple surgeries.

[3]An impairment rating is the "percentage of permanent impairment of the whole body resulting from" a compensable workers' compensation injury. Tex. Lab. Code Ann. § 401.011(24) (West Supp. 2012). Injuries are compensable when they arise out of the course and scope of "employment for which compensation is payable" under Subtitle A of the labor code. *Id.* § 401.011(10). The record does not contain the decision of the Division's hearing officer who assessed the 0% impairment rating, but the record includes a March 2012 notice from an appeals panel that affirmed the hearing officer's decision.

for his hernias.  Also, referencing a page from the "AMA Guide[] of Evaluation,"[4] he contended that his impairment rating should be 19%.

Appellant attached documents to his motion for summary judgment establishing that his medical examination by Dr. Richard Parker in September 2010 had revealed "small bilateral inguinal hernias," that he had reported being in pain that month, and that he had continuing medical issues (including "skin thickening about the umbilicus and . . . small fluid collection at the base of the umbilicus") after undergoing an "operative procedure" in November 2010.

In appellee's motion for summary judgment, it contended that the Division had designated appellant's impairment rating at 0%, that appellant had the burden to prove by a preponderance of the evidence that the ruling should be overturned, that appellant had failed to respond to requests for admissions and therefore was deemed to have admitted certain facts, and that appellant had no evidence that his impairment rating was not 0%.  Appellee attached its requests for admissions to its motion along with a certified mail receipt that appellant had signed.  The receipt contained a number that matched the certified mail receipt number included in a cover letter for the requests for admissions.  In the requests for admissions, appellee had asked appellant to admit that, among other facts,

---

[4]*See id.* § 408.124(b) (West 2006) ("For determining the existence and degree of an employee's impairment, the division shall use 'Guides to the Evaluation of Permanent Impairment,' . . . published by the American Medical Association.").

his impairment rating was "zero percent, as certified by Louis A. Dorang, MD," Dr. Dorang's opinion was "entitled to presumptive weight" and was "to be adopted unless the preponderance of the other medical evidence" was to the contrary, and the "preponderance of the other medical evidence [was] not contrary to the opinion of" Dr. Dorang.[5]

A few days after appellee filed its hybrid motion for summary judgment, appellant filed a supplemental summary judgment motion, stating that he could offer the trial court "conclusive evidence . . . to prove that the 19% impairment rating is the correct and true impairment rating in according with the rules and governing laws."  But none of the documents attached to the original or supplemental motions, which mostly comprised incomplete portions of reports of examinations, established evidence of an attempt to answer appellee's requests

---

[5]The record establishes that in November 2010, Dr. Dorang wrote in a report, in part,

> I am unable to substantiate any compensable injury.  The examinee, apparently, had three hernias, all of which have been repaired, and there is no physical evidence of recurrence, at this time.  I am unable to state the cause of [appellant's] pain.  I do not believe it is related to a nerve entrapment.

> I have no evidence that the left groin hernia or the umbilical hernia resulted from the original injury.  On the initial date of injury, the examinee complained only of right . . . groin pain.  Therefore, it is within all medical probability that the right inguinal hernia is the only compensable injury resulting from June 12, 2010.  The left inguinal hernia and umbilical hernia were not mentioned on the date of injury and are unrelated to such.

4

for admissions or indicated that a doctor had assessed any particular impairment rating other than 0%.

The trial court granted summary judgment for appellee, ordering that appellant take nothing by his suit and decreeing that his impairment rating is 0%. Appellant brought this appeal.

## The Propriety of the Trial Court's Summary Judgment Decision

Although appellant's pro se briefs do not particularly raise issues or points, appellant generally complains about the propriety of the trial court's order granting appellee's motion for summary judgment. Because the trial court did not specify which ground it granted summary judgment upon, we must affirm the summary judgment if either ground raised by appellee in the trial court is meritorious. *Cunningham v. Zurich Am. Ins. Co.*, 352 S.W.3d 519, 524 (Tex. App.—Fort Worth 2011, pet. denied); *Lindley v. McKnight*, 349 S.W.3d 113, 123 (Tex. App.—Fort Worth 2011, no pet.).

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). In a traditional summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v.*

5

*Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). Issues not "expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." Tex. R. Civ. P. 166a(c); *D.R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009); *Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 797 (Tex. 2008) ("[A] party who fails to expressly present to the trial court any written response in opposition to a motion for summary judgment waives the right to raise any arguments or issues post-judgment.").

A party may "serve on another party . . . written requests that the other party admit the truth of any matter within the scope of discovery." Tex. R. Civ. P. 198.1. The party who receives requests for admissions must respond within thirty days after service, and when a party fails to answer requests for admissions, "the request is considered admitted without the necessity of a court order." Tex. R. Civ. P. 198.2(b)–(c); *Jones v. Citibank (S. Dakota), N.A.*, 235 S.W.3d 333, 336 (Tex. App.—Fort Worth 2007, no pet.).

Such admissions are "conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission." Tex. R. Civ. P. 198.3; *see also Luke v. Unifund CCR Partners*, No. 02-06-00444-CV, 2007 WL 2460327, at *2 (Tex. App.—Fort Worth Aug. 31, 2007, no pet.) (mem. op.) ("We have held that admissions, once made or deemed by the court, may not be contradicted by any evidence, whether in the form of live testimony or summary judgment affidavits.") (citing *Smith v. Home*

6

*Indem. Co.*, 683 S.W.2d 559, 562 (Tex. App.—Fort Worth 1985, no writ)). The court may permit a party to withdraw deemed admissions if the party shows good cause for the withdrawal and the court finds that the parties relying on the admissions will not be unduly prejudiced and that the presentation of the merits of the action will be subserved by the withdrawal. Tex. R. Civ. P. 198.3; *see Wheeler v. Green*, 157 S.W.3d 439, 442 (Tex. 2005).

Admissions of fact on file at the time of a summary judgment hearing are proper summary judgment proof and thus will support a motion for summary judgment. Tex. R. Civ. P. 166a(c); *see Acevedo v. Comm'n For Lawyer Discipline*, 131 S.W.3d 99, 105 (Tex. App.—San Antonio 2004, pet. denied); *CEBI Metal Sanayi Ve Ticaret A.S. v. Garcia*, 108 S.W.3d 464, 466 (Tex. App.—Houston [14th Dist.] 2003, no pet.). While answers constituting admissions of law are not binding on a court, requests for admission may properly ask a party to apply the law to a set of facts. Tex. R. Civ. P. 198.1; *see Duong v. Bank One, N.A.*, 169 S.W.3d 246, 251 (Tex. App.—Fort Worth 2005, no pet.). Answers to these types of requests are competent summary judgment evidence. *Duong*, 169 S.W.3d at 251.

The record establishes that on May 9, 2012, appellee served its requests for admissions on appellant. The requests stated in part,

> [Appellee] demands that, within thirty (30) days of service of these Requests, [appellant] admit or deny the following facts, and demands that each fact set forth be specifically admitted or denied. *[Appellant] is hereby advised that a failure to specifically answer any*

*Request will be taken as an admission of the truth of the Request.* [Emphasis added.]

In appellee's June 21, 2012 motion for summary judgment, it asserted that appellant had made "no response or objection" to the requests for admissions.

Appellant has not contended at trial or on appeal that he timely and properly responded, or that he made any attempt to respond, to appellee's requests for admissions. Instead, our review of the record indicates that appellant responded to appellee's traditional motion for summary judgment, which appellee based on appellant's deemed admissions, only in an August 2012 document titled "Appeal of Summary Judg[]ment."[6] That document states in part,

> [Appellant] during oral testimony used Texas Supreme Court ruling Wheeler v. Green . . . to let Court know my due process was being violated by [appellee] using Deemed admission judge asked [appellant] to show him in law book where this information was and [appellant] did . . . .
>
> . . . .
>
> Deemed admissions . . . are based on Actionable Fraud . . . .

Because these statements constituted appellant's only responses in the trial court to appellee's motion for summary judgment based on appellant's deemed admissions, we will limit our appellate review to whether the trial court's granting summary judgment based on the deemed admissions violated due process or

---

[6]Although titled "Appeal of Summary Judg[]ment," the document was filed before the entry of the trial court's judgment.

8

whether the deemed admissions were based on fraud.[7]  *See* Tex. R. Civ. P. 166a(c); *Weaver*, 262 S.W.3d at 797; *see also City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 679 (Tex. 1979) (explaining that the "non-movant must[,] . . . in a written answer or response to the motion, expressly present to the trial court those issues that would defeat the movant's right to a summary judgment and failing to do so, may not later assign them as error on appeal"); *Ron v. AirTran Airways, Inc.*, No. 14-11-01110-CV, 2013 WL 936295, at *3 (Tex. App.—Houston [14th Dist.] Mar. 12, 2013, no pet. h.) ("In considering grounds for reversal, we are limited to those grounds expressly set forth in the summary-judgment motions, answers, or other responses, and may not rely on the appellate briefs or summary-judgment evidence."); *Fort Worth Star-Telegram v. Street*, 61 S.W.3d 704, 708 (Tex. App.—Fort Worth 2001, pet. denied) ("The scope of review from a summary judgment is limited.  We may not consider on appeal, as grounds for reversal, issues not expressly presented to the trial court by written motion, answer, or other response.").

---

[7]Appellant has repeated these arguments on appeal.  Appellant did not argue at trial, and has not argued on appeal (based on our construction of his pro se briefs), that appellee's summary judgment evidence was insufficient to establish that he was deemed to have admitted certain facts or that the substance of his deemed admissions was legally insufficient to establish appellee's entitlement to summary judgment on appellant's affirmative claims under the standard of rule of civil procedure 166a(c).  *See* Tex. R. Civ. P. 166a(c); *see also* Tex. R. App. P. 38.1(i) (stating that an appellant's brief must contain clear and concise arguments for contentions made).

In *Wheeler*, the appellant in a child custody case was unaware of the "mailbox rule" and had filed responses to the appellee's requests for admissions two days after they were due, which was six months before the submission of the appellee's summary judgment motion. 157 S.W.3d at 441. After the trial court granted summary judgment for the appellee based on deemed admissions, the appellant filed a motion for new trial, arguing that the deemed admissions were improper. *Id.* at 441–42. The Supreme Court held that the appellant had good cause for the failure to timely serve her responses to the requests for admissions because the failure was not based on conscious indifference, that due process concerns arise when a party uses deemed admissions to preclude the presentation of the merits of a case, and that the trial court should have allowed the withdrawal of the deemed admissions. *Id.* at 442–44.

This case is distinguishable from *Wheeler*. Here, the record does not indicate that appellant made any attempt to timely answer appellee's requests for admissions despite being advised that the matters would be considered admitted upon a failure to respond. Also, appellant did not present any evidence reflecting a good cause, or any cause, for failing to timely respond. Finally, appellant did not attempt to respond to the requests for admissions or expressly ask to withdraw his deemed admissions after appellee filed its summary judgment motion. Under these circumstances that establish a callous disregard for answering appellee's requests for admissions, we cannot conclude that appellant's due process rights were violated by the award of summary judgment

10

against him based on deemed admissions. *See Marino v. King*, 355 S.W.3d 629, 634 (Tex. 2011) (citing *Wheeler* and stating that for a summary judgment to be supported by deemed admissions, the movant must show a nonmovant's flagrant bad faith or callous disregard for failing to answer the requests for admissions); *Weaver*, 262 S.W.3d at 797 (approving a summary judgment based on deemed admissions after the decision in *Wheeler* even though the nonmovant's responses to the movant's requests for admissions were on file at the time of the trial court's judgment); *see also Stephenson v. Perata*, No. 02-08-00375-CV, 2009 WL 1270907, at *2 & n.14 (Tex. App.—Fort Worth May 7, 2009, no pet.) (mem. op.) (distinguishing *Wheeler* and affirming a summary judgment based on deemed admissions because the nonmovant "never responded to the requests for admission[,] . . . nor did she demonstrate that her failure to respond was an accident or mistake"); *Jones*, 235 S.W.3d at 337 n.4 (distinguishing *Wheeler* on similar grounds).

Next, we cannot conclude that the record contains any evidence that the deemed admissions were procured by fraud. A party commits fraud by (1) making a false, material misrepresentation (2) that the party either knows to be false or asserts recklessly without knowledge of its truth (3) with the intent that the misrepresentation be acted upon, (4) and the person to whom the misrepresentation is made acts in reliance upon it (5) and is injured as a result. *All Am. Tel., Inc. v. USLD Commc'ns, Inc.*, 291 S.W.3d 518, 527 (Tex. App.— Fort Worth 2009, pet. denied). We have not located any facts in the record

11

satisfying these elements with respects to the service of the requests for admissions on appellant, appellant's failure to timely respond, or appellant's failure to seek to serve a late response or to withdraw the deemed admissions. Thus, we overrule appellant's argument that the deemed admissions should be set aside because of fraud.

For all of these reasons, we hold that the trial court did not err by granting appellee's traditional motion for summary judgment, which was based on appellant's deemed admissions. *See* Tex. R. Civ. P. 166a(c). We therefore decline to address the remaining arguments in appellant's briefs, which discuss the facts concerning appellant's medical conditions and appear to challenge the trial court's decision to grant appellee's no-evidence motion for summary judgment. *See* Tex. R. App. P. 47.1; *Cunningham*, 352 S.W.3d at 524.

## Conclusion

Having overruled appellant's dispositive arguments on appeal, we affirm the trial court's judgment.

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED: June 13, 2013

12